STATE OF MONTANA, Plaintiff and Respondent, v.
WILLIAM NICKS, Defendant and Appellant.
No. 9723.
Submitted May 22, 1957. Decided June 12, 1957.
312 Pac. (2d) 519.

Messrs. Hansen, Jones & Culver, Baker, Mr. Clayton Jones,
Jr., Miles City, for appellant.

Mr. Forrest H. Anderson, Atty. Gen., Mr. Robert J. Emmons,
Asst. Atty. Gen., Mr. Gene Huntley, County Atty., Baker, for
respondent.

Mr. Al Hansen, Mr. Clayton E. Jones, Mr. Emmons and Mr.
Huntley argued orally.

MR. CHIEF JUSTICE HARRISON:

Appeal from judgment of conviction of the crime of commit-

ting a lewd and lascivious act upon the body of a female child of the age of ten years.

This cause was set for hearing by this Court for April 23, 1957. On April 22, 1957, the defendant herein filed in this court a notice and motion for new trial based upon new evidence discovered material to the defendant which he could not with reasonable diligence have discovered and produced at the trial. The motion was made and based upon affidavits of a witness who testified at the trial, and one of the attorneys for the defendant, the minutes of the court including the stenograhpic record of the trial, and all of the records and proceedings in the case. From the affidavit of counsel it appears that the newly discovered evidence was not known to him until on or about the 15th day of April, 1957.

The State on April 23, 1957, filed herein a motion to strike the motion for new trial.

On April 23, 1957, the defendant filed herein a motion for an order granting leave to the district court to accept and entertain a motion for a new trial, and to stay further proceedings herein pending such motion based upon the grounds as set forth in the motion for new trial heretofore referred to.

The matter was argued and taken under advisement by this court and counsel were granted additional time in which to file briefs of authorities in support of their respective positions.

R.C.M. 1947, section 94-7603, provides:

"When a verdict has been rendered against the defendant, the court may, upon his application, grant a new trial in the following cases only: * * *

"7. When new evidence is discovered material to the defendant and which he could not, with reasonable diligence, have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing

of the motion for such length of time as, under all the circumstances of the case, may seem reasonable.''

R.C.M. 1947, section 94-7604, provides:

''The application for a new trial must be made upon written notice of motion, and, if based upon any of the grounds mentioned in the subdivisions 2, 3, 4, and 7, of the preceding section, such written notice of motion must be filed within thirty days after the discovery of the facts upon which the party relies in support of his motion; in all other cases notice of motion must be filed within ten days after the rendition of the verdict.''

In State v. Hughes, 78 Mont. 87, 89, 252 Pac. 320, 321, in considering a supplemental motion for a new trial, based upon newly discovered evidence which was filed within thirty days after discovery of the alleged newly discovered evidence, this court held that the supplemental motion was timely when, by the affidavit, it was made to appear that such supplemental motion had been filed within thirty days after the discovery of the facts. It was further stated: ''There is no other limitation as to time prescribed, and quite properly so, for, were it otherwise, grave injustice might be done in some instances.''

The notice of motion and motion filed herein by the defendant comply with the provisions of our statutes and their interpretation insofar as being timely.

The defendant contends that by reason of the lack of jurisdiction in the district court he is unable to file his notice and motion for new trial therein, and we agree since after an appeal has been perfected to this court the district court loses jurisdiction of the case (Benolken v. Miracle, 128 Mont. 262, 273 Pac. (2d) 667, and cases cited therein; State v. Groom, 89 Mont. 447, 300 Pac. 226; Finlen v. Heinze, 27 Mont. 107, 69 Pac. 829, 70 Pac. 517), except that if a motion for new trial is then pending the district court retains jurisdiction thereof, with power to rule thereon. Molt v. Northern Pacific Ry. Co., 44 Mont. 471, 120 Pac. 809; Murphy v. Nett, 47 Mont. 38, 130 Pac. 451; State v. Harkins, 85 Mont. 585, 281 Pac. 551.

The State maintains that this court is without jurisdiction

to entertain a motion for new trial herein presented for the first time, and contends that if this court is satisfied that a sufficient showing has been made by the defendant to merit further consideration of the matter, the appeal of the defendant should be vacated and a hearing upon the motion for new trial ordered in the district court.

In support thereof the State cites the case of State v. Hawkins, 121 S.C. 290, 114 S.E. 538, 539, 27 L.R.A. 1083. In that case an appeal had been affirmed by the supreme court and thereafter a motion for new trial, upon newly discovered evidence, was made in the trial court, which motion was granted. The State appealed from that decision and requested the supreme court to review the South Carolina cases touching upon the question of motions for new trial based upon newly discovered evidence, which request was granted by the court. In its opinion the court stated that in making the announcement of what would be the practice it had a three-fold purpose in view: "First, to formulate a practice that is based upon sound judicial principles, and not one that is based upon an arbitrary assumption of power; second, to formulate a policy that will preserve the liberties and rights of the individual citizens; third, to formulate a policy that will protect the interests of the state —not such a policy as may be used by the designing to block the process of the courts by an endless chain of motions and appeals." That portion of the ruling, as far as pertinent to the matter here in issue, is then stated: "* * * if the case is pending in the Supreme Court, a motion should be made before that court to suspend the appeal, in order that the motion for a new trial may be made before the circuit court or judge * * *."

We concur with the contentions of the State in this regard, and therefore the motion to strike the motion for a new trial is granted.

The defendant having made a *prima facie* showing in this court sufficient to warrant consideration of the matters raised in his motion for an order granting leave to the district court to accept and entertain a motion for new trial and to stay fur-

ther proceedings in this court pending such motion, the same is hereby granted. In this view of the matter, and without expressing any opinion as to the merits, the cause is hereby remanded to the district court of Fallon County with instructions to permit the defendant to file in said court a motion for a new trial upon the ground of newly discovered evidence. In such proceeding the State shall be permitted to file counter-affidavits; the matter to be handled in said court in accordance with the applicable laws of the State of Montana with respect to motions for new trial.

All proceedings in this court are stayed, subject to such further order herein as may hereafter be necessary.

MR. JUSTICES CASTLES, BOTTOMLY, ANGSTMAN, and ADAIR, concur.