STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.* NICHOLAS L. FILACCHIONE, DEFENDANT AND APPELLANT.

No. 9997.

Submitted November 30, 1959. Decided January 4, 1960.

347 Pac. (2d) 1000.

See *C. J. S.* Burglary, § 47.

Lee Overfelt, Billings, and John W. Bonner, Helena, argued orally, for appellant.

Forrest H. Anderson, Atty. Gen., Alfred Coate, Asst. Atty. Gen., for respondent.

Alfred Coate, Asst. Atty. Gen., argued orally.

MR. JUSTICE ANGSTMAN:

Defendant was convicted of the crime of attempted burglary in the first degree. He was sentenced to a term of five (5) years imprisonment. He has appealed from the judgment and from an order denying his motion for a new trial.

Briefly, the record shows that two young men testified they observed the defendant, one Isaacs, and a third man in separate places in a certain alley in Billings and reported their observations to the police officers at the police station. The officers drove to the alley and apprehended the defendant who at the time was standing near some garbage cans about midway in the alley. They also arrested Isaacs, who was at the time on the main street but near the alley. The record does not show what happened to the third man.

One officer testified that upon arriving in the alley he saw the defendant about 100 feet down the alley place a box on top of the garbage cans located about midway in the alley. In the box, the officers found a wire and bolt cutter, a hook-type tool and a flashlight and dust and debris from a vacuum cleaner. The janitor from the Hart-Albin building testified that he kept such a box on top of the garbage cans and every work day at 5:00 p. m., he dumped the debris from his vacuum cleaners into the box. Defendant denied ownership of the box or the tools and testified he was taking a shortcut through the alley to a hotel and had stopped at the garbage cans to urinate.

Upon further investigation of the alley, the officers found in an indented parking space at the south end of the alley that the

rear door of a jewelry store had locks removed except an inside latch which the officer opened with his own key.

About 15 or 20 minutes after the officers took the defendant and Isaacs to the police station for booking they returned to the alley. They then found an iron bar or crowbar in the garbage can next to the rear door of the jewelry store. The record is not clear whether any officer remained in the vicinity of the garbage can or near the scene of the purported crime, while the defendant and Isaacs were being booked. Upon the return of the officers they found several tools and boxes alongside a wire fence about 15 feet from the rear door of the jewelry store. These tools consisted of a crowbar, two screw drivers, a sledge hammer and a canvas sack which contained a second canvas sack.

By specification of error No. 1, defendant contends that the court erred in receiving these tools in evidence over his objection. They were received as exhibits 9, 10, 11, 12 and 13. Also over defendant's objection the court permitted an officer to describe and explain how he had learned at a police school that such tools, although ordinary legitimate construction tools, might be used to rip and peel a safe. However, in this case there is no evidence that any entry was accomplished or that defendant got anywhere near a safe or that any safe was ripped or peeled. The objections were that the tools and the testimony concerning their convenient use in ripping and peeling a safe were irrelevant and immaterial to the issues in the case and prejudicial since the proper foundation had not been made connecting them with the defendant or with their use in perpetrating the alleged crime.

The general rule is that burglary tools may be introduced and received into evidence only after proof is made connecting the tools with the accused or the crime. People v. Urban, 381 Ill. 64, 44 N. E. (2d) 885, 143 A.L.R. 1194; Williams v. People, 196 Ill. 173, 63 N. E. 681; People v. Fontana, 356 Ill. 461, 190 N. E. 910; People v. Evertson, 310 Ill. 397, 141 N. E. 696; Jones v. State, 181 Ark. 336, 25 S. W. (2d) 752. It does not appear from the evidence, that the tools in question here were ever

in the possession or under the control of the defendant or that they were in any way connected with the alleged crime.

It follows that the court erred to the prejudice of defendant ▮ in overruling his objections to their admissibility and in allowing the officer to testify how they might be used in ripping and peeling a safe.

We point out that other tools found in the box on top of the ▮ garbage cans were properly admitted in evidence since they were shown by the evidence to have been connected with the crime alleged and since they were in defendant's possession when found, and as to those tools no contention is made that they were inadmissible as evidence.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and CASTLES concur.