No. 12044

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RALPH R. BEST,

Defendant and Appellant.

---

Appeal from: District Court of the Ninth Judicial District,
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

For Appellant:

Dale L. Keil argued, Conrad, Montana.

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
Jonathan B. Smith, Assistant Attorney General, argued,
Helena, Montana.
David H. Nelson appeared, County Attorney, Conrad,
Montana.

---

Submitted: October 19, 1972

Decided: DEC - 4 1972

Filed: DEC - 4 1972

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by defendant from a judgment of conviction of two counts of first degree burglary, entered upon a jury verdict in the district court of Pondera County, the Honorable R. D. McPhillips, District Judge. Subsequent to defendant's conviction Judge McPhillips sentenced him to eleven years imprisonment in the state prison on each count to be served consecutively, or a total of 22 years imprisonment.

Late in the evening of June 14, 1970, John and Dawn Carver, of Conrad, Montana, heard the sound of breaking glass outside their apartment. Mrs. Carver looked out the window and saw what appeared to be a burglary being committed by two men inside Baumann's South Texaco service station. Thereupon, her husband left to find help.

A few minutes later Dennis Driscoll, of the Montana Highway Patrol, and John VanDeKop, undersheriff of Pondera County, arrived at the service station on foot. Driscoll went around the back and heard Mrs. Carver shout that the burglars were leaving in a pickup truck. He chased the truck on foot, and took down its license number; then he and VanDeKop got into their respective patrol cars and started to hunt for the pickup truck.

Soon thereafter VanDeKop caught up with the pickup on the highway leading north of town and radioed for help. Before help arrived, however, the pickup turned into a biochemical plant north of town and eventually stalled. Fred Carmichael was arrested while still sitting in the cab of the truck; defendant Best fled on foot and was captured in a nearby field.

Both Carmichael and Best were subsequently charged with burglary in the district court of Pondera County. Defendant Best was charged with two counts of burglary, the one allegedly committed

- 2 -

at Baumann's Texaco station in Conrad and the other at Conrad Motor and Tire Company on the same night. He entered pleas of not guilty to each count, and was tried separately from Carmichael.

Defendant's trial commenced on November 16, 1970. His defense was that Carmichael coerced him into committing the crimes. The jury found defendant guilty of both burglaries, the judge sentenced him, and he now appeals from the judgment of conviction.

Appellant cites three issues for review upon appeal:

(1) Was the giving of court's instruction 13-B reversible error?

(2) Was the admission in evidence of certain tools reversible error?

(3) Should a new trial have been granted on the grounds of newly discovered evidence?

Directing our attention to the first issue, court's Instruction 13-B reads as follows:

> "Under the laws of the State of Montana, as applied to this case, a person guilty of Burglary in the First Degree is punishable by imprisonment in the state prison for not less than one year or more than fifteen years on each count, which sentences may be ordered by the Court to be served either concurrently or consecutively.
>
> "Further, the Court has the discretion of releasing the defendant on probation, deferring the imposition of sentence for a period not to exceed three years, suspending the execution of the sentence up to the maximum sentence allowed for the particular offense or imposing any combination thereof.
>
> "In the event you return a verdict of guilty of the crime of Burglary in the First Degree on either count, the Judge must assess and declare the punishment.
>
> "In the event you return a verdict of not guilty, the defendant must be released and discharged."

Upon settlement of jury instructions, defendant's objection

to this instruction was as follows:

"MR. KEIL: (Defendant's attorney) I will object to the giving of Plaintiff's Proposed Instruction No. 1.

"THE COURT: It will be given, and it is given as Court's Instruction No. 13-B."

Defendant contends that the giving of this instruction over his objection constitutes reversible error. He argues that this instruction "intimates to the jury that the impact of a jury verdict of guilty could be lessened by the Court's imposition of a light sentence." and that this situation prejudices a possible verdict of acquittal because jurors who might otherwise find the defendant innocent may be more easily persuaded to change their position knowing that a suspended or deferred sentence may be imposed. Defendant cites State v. Zuidema, 157 Mont. 367, 485 P.2d 952, in support.

Defendant's position cannot be sustained. In the first place, no valid objection to the instruction was made in the trial court. Section 95-1910(d), R.C.M. 1947, requires the objecting party, on settlement of jury instructions, to "specify and state the particular ground on which an instruction is objected to" and expressly provides that "it shall not be sufficient to object generally that the instruction does not state the law, or is against the law, but the objection must specify particularly wherein the instruction is insufficient, or does not state the law, or what particular clause therein is objected to." In the instant case defendant simply objected without assigning any grounds, either general or particular, therefor. Under such circumstances the alleged objection is equivalent to no objection at all, and the instruction is not reviewable on appeal.

More importantly, court's Instruction 13-B correctly stated the law as it existed at the time of defendant's trial. In State v. Metcalf, 153 Mont. 369, 457 P.2d 453, we held that a similar instruction on sentencing correctly stated the law and

- 4 -

was not prejudicial to the defendant. However, some seven months after defendant's trial in the instant case we held that an identical instruction to that used here (except for the crime and term of imprisonment) constituted prejudicial and reversible error. State v. Zuidema, 157 Mont. 367, 373, 374, 485 P.2d 952. In Zuidema we explained our change of position in this language:

> "The serious factor causing us to change our position from that of Metcalf is that an instruction of this type allows irrelevant matters to be considered by the jury which may influence its decision aside from the standard of proof by the evidence beyond a reasonable doubt. We have held previously that in the giving of erroneous instructions it is not a ground for reversal where the instruction could not in any manner have prejudiced the accused. (Citing cases) Here, instruction No. 19 is clearly prejudicial in that it placed an undue emphasis on one factor which the jury, whether or not it should do so, was bound to take into account. All other factors come to the jury as evidence, or of its own experience and knowledge. By instructing the jury on various possibilities of sentence, the court suggests that it should give weight to that possibility in reaching a verdict."

But should our decision in Zuidema be given a retroactive effect? Not at all. Our opinion in Zuidema clearly indicates our intention to deny it retroactive effect. In Zuidema we said:

> "While in the Metcalf case, we found the giving of this instruction not to be prejudicial, we find it is prejudicial here. It should not have been given and should not be given in any future cases."

Thus we applied our ruling to defendant Zuidema and future cases, but did not give it retroactive effect.

Proceeding to the second issue, defendant argues that the admission of certain tools into evidence was reversible error. The tools in question consisted of a pick-axe, a metal bar, a pair of pliars, a pair of wire cutters, a wrench, a tire wrench, a pair of tinsnips, and a screwdriver. These tools were removed from the cab of the pickup following the arrest of Carmichael and the defendant. Defendant objected to their admission in evidence

on the grounds that insufficient foundation had been laid.

The general rule concerning the admissibility of such tools was stated in State v. Filacchione, 136 Mont. 238, 240, 347 P.2d 1000:

> "The general rule is that burglary tools may be introduced and received into evidence only after proof is made connecting the tools with the accused or the crime."

Applying the foregoing rule we find the tools were clearly admissible in evidence. The tools were actually connected both to the crime and to the defendant. Evidence at the trial indicated that in commission of the burglaries a vending machine was pried apart, and further, that Mrs. Carver, when the burglars were leaving the Texaco station, saw one of them drop something which made the sound of metal falling on the ground. Additionally, the tools were found in the pickup truck driven by defendant; the fact that the truck was owned by defendant's brother-in-law goes to the weight and not the admissibility of such evidence. See also State v. White, 151 Mont. 151, 440 P.2d 269.

Finally, defendant argues that he is entitled to a new trial on the basis of newly discovered evidence. The basis of the motion is that subsequent to defendant's trial and conviction Fred Carmichael was adjudged not guilty of the burglaries on the ground that at the time thereof he suffered from mental disease or defect excluding responsibility and had such evidence been available at the time of defendant Best's trial, Best's defense of coercion by Carmichael would have been more believable.

We find defendant's contention to be without merit. In the first place his motion for a new trial is untimely and filed in the wrong court. The jury verdict convicting the defendant of both crimes was filed on November 19, 1970. The order excluding Fred Carmichael from criminal responsibility was signed and

filed on April 2, 1971. No motion for new trial was filed with the trial court at all, but a motion for new trial was filed with this Court on June 19, 1972. Section 95-2101, R.C.M. 1947, designates the district court as the proper forum for filing a motion for a new trial and requires that such motion for a new trial shall be in writing and shall be filed by the defendant " * * * within thirty (30) days following a verdict or finding of guilty. * * *" If the grounds for seeking a new trial do not arise until after expiration of the 30 day period or until after the appeal is filed, the proper procedure is to stay the appeal, remand the case to the district court, file the motion, secure the district court's decision thereon, and continue with the appeal. State v. Nicks, 131 Mont. 567, 312 P.2d 519. In the instant case no reason is advanced nor basis apparent for failure to follow this procedure, and accordingly, this Court has no jurisdiction to entertain a motion for new trial in the first instance.

Additionally, there is no substantive basis for granting new trial in this instance. The alleged new evidence is merely cumulative in character to that introduced at the trial. There Fred Carmichael testified he had been in several mental institutions; the jury was able to observe his behavior on the witness stand; there was testimony that he had threatened other people. Thus, the fact that Fred Carmichael was subsequently absolved of criminal responsibility on the grounds of mental disease or defect excluding responsibility "speaks to the facts in relation to which there was evidence at the trial" and is therefore cumulative. The rules on granting new trials are set forth in State v. Greeno, 135 Mont. 580, 342 P.2d 1052, and under these rules defendant Best is not entitled to a new trial in any event.

The judgment of the district court is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____
Associate Justices

- 8 -