No. 95-316

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Plaintiff and Respondent,

    v.

WILLIAM GOLLEHON,

    Defendant and Appellant.

FILED

NOV 30 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael Donahoe, Assistant Federal Defender, Helena,
Montana

    For Respondent:

        Joseph P. Mazurek, Attorney General, Jennifer
Anders, Pamela Collins, Assistant Attorneys General,
Helena, Montana; Christopher Miller, Powell County
Attorney, Deer Lodge, Montana

Submitted on Briefs:  November 16, 1995

Decided:  November 30, 1995

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

William Gollehon (Gollehon) was convicted of deliberate homicide by accountability and sentenced to death. He appeals from an order of the District Court denying his motion for a new trial and request for discovery. We affirm the trial court's denial of Gollehon's motion for new trial; we do not address the trial court's ruling on his request for discovery.

Gollehon raises on appeal the issue of whether the State failed to timely disclose information that he could have used as mitigating evidence at his sentencing hearing and whether that failure justifies reversal of the death sentence that was imposed in his case.

We restate the issue as whether Gollehon's raising this issue in the context of an untimely motion for new trial bars our consideration of the merits of his claim. We hold that it does.

BACKGROUND

In October 1991, Gollehon was convicted of deliberate homicide by accountability and sentenced to death for his participation in the beating death of fellow prison inmate, Gerald Pileggi. This Court upheld that conviction and sentence in State v. Gollehon (1993), 262 Mont. 1, 864 P.2d 249.

On March 11, 1994, Gollehon petitioned the United States Supreme Court for certiorari. That Court declined to accept Gollehon's case for review in an order published October 3, 1994. Gollehon v. Montana (1994), ___ U.S. ___, 115 S.Ct. 95, 130 L.Ed.2d 45.

2

The State then moved the District Court for a hearing to reset Gollehon's execution date since the previous execution date had expired during the direct appeal process. At the March 24, 1995 hearing, Gollehon moved the District Court for an order requiring the State to produce any pretrial or posttrial promises or agreements with two eyewitnesses who testified at Gollehon's trial. Gollehon argued that this information, had it been disclosed, could have been used as impeachment evidence at trial.

The District Court granted Gollehon's request for discovery of pretrial agreements between the State and the eyewitnesses and ordered further briefing on the issue of whether Gollehon was entitled to any posttrial agreements. The District Court reset Gollehon's execution for June 11, 1995.

On March 29, 1995, Gollehon moved for a new trial and a stay of execution. The State responded that the motion for new trial was untimely and should be summarily dismissed on that basis.

The District Court held a hearing on Gollehon's motions on June 7, 1995, just four days prior to Gollehon's scheduled execution date. At the hearing, the court determined that Gollehon's motion for a new trial was untimely. In addition, the court denied Gollehon's request for discovery of the State's posttrial arrangements with the witnesses, finding that any evidence regarding posttrial agreements would be irrelevant at sentencing as it was not the court's function to reweigh the jury's determination of witness credibility in a capital sentencing proceeding.

Gollehon appeals the order of the District Court denying his

motion for a new trial and his request for discovery. Because of the proximity of Gollehon's execution date, the District Court issued a stay of execution pending Gollehon's appeal.

DISCUSSION

Gollehon maintains that his appeal "concerns the State's duty to disclose material information that would have aided [him] in convincing this Court that the balance of aggravating and mitigating factors demanded the imposition of a non-death sentence." Gollehon argues that the State violated its obligations under Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and under 46-15-322(1)(e), MCA, in failing to disclose the 1992 commutation of the sentence of State's witness Armstrong and his 1993 parole. Armstrong was one of the eyewitnesses who testified against Gollehon at his homicide trial.

We decline to reach the **merits** of Gollehon's Brady claim, however, in the procedural context in which the **claim** is raised. Specifically, Gollehon is appealing from the District Court's denial of his out-of-time motion for new trial. While Gollehon focuses on his substantive Brady claim, our initial inquiry is whether his claim, brought in the context of an untimely motion for new trial, should even be entertained. We conclude that it should not.

Section 46-16-702(2), MCA, provides that a motion for a new trial "must be filed by the defendant within 30 days following a verdict or finding of guilty. . . ." There is no provision in the statute for extending that **time** period. Gollehon's **time** for filing

4

his new trial motion expired November 7, 1991, 30 days from entry of the verdict on October 7, 1991. Accordingly, his new trial motion, filed some three and one-half years after the entry of the verdict, is clearly untimely.

While Gollehon relies on past decisions of this Court (two of which were written by the author of this opinion) to avoid the plain and unambiguous requirements of the statute and to reach the merits, we are now persuaded that we originally started down this shaky staircase in error and that our judicially created exceptions to the statute are fast becoming the rule. With that premise in mind, it is appropriate to re-examine our prior decisions.

State v. Best (1972), 161 Mont. 20, 503 P.2d 997, is cited as the seminal authority for the argument that evidence newly discovered posttrial provides an exception to the 30-day filing requirement for a new trial motion under our present statutory scheme. In that case the defendant filed in this Court his new trial motion during the pendency of his direct appeal. We noted that the motion was both untimely and filed in the wrong court under § 95-2101, RCM (1947), the predecessor to § 46-16-702, MCA. Best, 503 P.2d at 1000. In that conclusion we were correct, and we should have simply refused to entertain the defendant's motion on that basis. We needlessly went further, however.

In dicta, citing State v. Nicks (1957), 131 Mont. 567, 312 P.2d 519, we stated that,

> [i]f the grounds for seeking a new trial do not arise
> until after expiration of the 30 day period or until
> after the appeal is filed, the proper procedure is to
> stay the appeal, remand the case to the district court,

5

> file the motion, secure the district court's decision
> thereon, and continue with the appeal.

Best, 503 P.2d at 1001.

Unfortunately, under § 95-2101, RCM (1947) -- the new trial statute in effect when we decided Best -- Nicks was not authority either for the referred to "procedure" or for an exception to the 30-day filing requirement. Rather, Nicks involved § 94-7604, RCM (1947), which was repealed in 1967 and § 95-2101, RCM (1947), was adopted. Section 94-7604, RCM (1947), allowed a new trial motion to be filed "within thirty days after the discovery of the facts upon which the party relies in support of his motion [and] in all other cases . . . within ten days after the rendition of the verdict." Section 94-7604, RCM (1947); Nicks, 312 P.2d at 520.

While we reached the right result in Best, we erred in stating that we lacked jurisdiction to entertain the new trial motion at issue there because of the defendant's "failure to follow [the Nicks] procedure." Best, 503 P.2d at 1001. While that procedure may have been available to Nicks under the statute governing his case, it was not available to Best under the different statute applicable in that case. The result in Best was correct because the defendant's motion for new trial was not timely filed -- not for the reason we articulated.

In State v. Perry (1988), 232 Mont. 455, 758 P.2d 268, the defendant filed a motion for new trial following the recantation of the State's eyewitness some 15 years after Perry's murder conviction. Perry, 758 P.2d at 269-70. We rejected the State's argument that the motion, though denoted a motion for new trial,

6

*was* actually a petition for post-conviction relief which was procedurally barred pursuant to the five year statute of limitations imposed by § 46-21-102, MCA. Perry, 750 P.2d at 272. Moreover, we declined to treat Perry's motion as a petition for writ of habeas *corpus,* although we noted that his claim, nevertheless, sounded in the nature of that relief. Perry, 758 P.2d at 273. With no statutory posttrial remedies available, we finally concluded that we must, nevertheless, reach the merits of Perry's claim because he had no other avenue of relief and that to deprive him of a method of redress regardless of his diligence or the justness of his claim would be inconsistent with the intent of the legislature and with Art. II, sec. 17, of Montana's 1972 Constitution. Perry, 758 P.2d at 272-73.

Perry is unique on its facts. That case does not stand for the general proposition that a motion for new trial may be entertained beyond the 30-day filing requirement of § 46-16-702, MCA, and it is a misapplication of our decision in that case to argue that its analysis should be extended beyond other cases with like facts.

State v. Redcrow (1990), 242 Mont. 254, 790 P.2d 449, involved the defendant's motion for new trial filed approximately two months following her conviction of deliberate homicide. Redcrow, 790 P.2d at 451. The district court, while noting the untimeliness of Redcrow's motion in its order, nevertheless ruled on the merits of her motion because it was filed "within a reasonable period of time" after the verdict and "because of the serious nature of the

7

offense." Redcrow, 790 P.2d at 452. Citing Best, we acknowledged the 30-day time limit imposed by the statute and noted that the factors considered by the trial court did not **require** that it entertain Redcrow's motion. Nonetheless, we addressed the merits of Redcrow's **claim** because "of the extensive consideration of the motion by the District Court." Redcrow, 790 P.2d at 452.

Similarly, in State v. Moore (1994), 268 Mont. 20, 885 P.2d 457, in an opinion written by the author of this opinion, we cited Redcrow as precedent and followed its rationale -- i.e., motion filed within a reasonable time after verdict; extensive consideration of the out-of-time motion for new trial by the district court; and seriousness of the case -- in reaching the merits of Moore's motion for new trial, filed approximately two months following his conviction of deliberate homicide. Moore, 885 P.2d at 464, 479, 480-81.

In Redcrow we improperly reached the merits of the defendant's untimely motion for new trial notwithstanding that the trial court gave "extensive consideration" to the motion. There are no "reasonable time" or "serious case" exceptions to the 30-day filing requirement under § 46-16-702, MCA, and, as we pointed out in both Redcrow and Moore, those factors do not *require* the district court to entertain an out-of-time motion for new trial. Redcrow, 790 P.2d at 452; Moore, 885 P.2d at 480-81; § 46-16-702, MCA.

Unfortunately, in Redcrow, by judicial fiat, we created those exceptions from whole cloth for the purpose of reaching the merits. Moreover, as pointed out above, Best was not properly cited as

8

authority for an exception to the 30-day filing requirement because the statement in that case supporting that argument was dicta, and flawed dicta, at that. Finally, neither the problem addressed in Perry nor that addressed in State v. Barrack (1994), 267 Mont. 154, *882* P.2d 1028, (discussed below), were at issue in Redcrow.

Likewise, Moore suffers from the same deficits, and we were wrong to rely on Redcrow as precedent for reaching the merits of the new trial issue. Moore's untimely motion for new trial should have simply been denied on the basis of the procedural bar.

Finally, it is necessary to discuss our resolution of the out-of-time motion for new trial issue in Barrack, the other decision written by the author of this opinion. Like Perry, the circumstances of that case are unique. Barrack, 882 P.2d at 1032. In Barrack, the defendant was convicted of aggravated assault on June 30, 1992, and his first motion for new trial was heard and sentence was pronounced on August 5, 1992. Final judgment was filed August 21, 1992. Barrack, *882* P.2d at 1030. Barrack filed a second motion for new trial on August 26, 1992. Barrack, 882 P.2d at 1031. At a posttrial hearing on October 14, 1992, the trial court determined to treat Barrack's out-of-time motion as a petition for post-conviction relief under a writ of *coram nobis* pursuant to § 46-21-101(1), MCA. Ultimately, after a hearing in December 1992, the district court denied the defendant's motion (petition) on the merits. Barrack, 882 P.2d at 1031.

Citing § 46-16-702, MCA, the State argued that Barrack's motion was untimely and that it was improper for the trial court to

9

treat the motion as one for post-conviction relief.   We agreed.

Barrack, 882 P.2d at 1031-32.   Nevertheless, we noted that Barrack

had a right to appeal his conviction and that his appeal time had

expired on October 21, 1992.   Importantly, we concluded that the

trial court erred when, on October 14, 1992, it determined to treat

Barrack's untimely motion for new trial as one for post-conviction

relief, with the result that the court "may have effectively

curtailed any attempt Barrack may have made to appeal within the

remaining statutory time . . .   [And, thus1 possibly lulled the

defendant into **a** position where he did not timely pursue his appeal

rights. . . ." Barrack, **882** P.2d at 1032.

It was for that reason only that we determined to address the

district court's decision on the merits of Barrack's untimely

motion.   Notwithstanding,  as we noted in concluding our analysis:

> [W]e wish to emphasize, however, that our decision here
> is not in any way to be read as enlarging the scope of
> post-conviction relief *or as diminishing a defendant's
> obligation to timely file a motion* for *a new trial* and a
> petition  for post-conviction  relief or  appeal in
> accordance with the applicable statutes.   [Emphasis
> added.]

Barrack, **882** P.2d at 1032.

Given the above case **analyses,** we hold that neither Best,

Redcrow nor Moore, should henceforth be cited as authority for the

proposition that either this Court or  the district court may

entertain a motion for new trial not timely filed in accordance

with § 46-16-702, MCA.   Furthermore, as to the new trial issue, we

remain convinced that Perry and Barrack were correctly decided

given their unique facts and procedural circumstances, and we

10

reaffirm our decisions in those cases. We leave those cases -- limited to their facts -- standing as two judicially created exceptions to § 46-16-702, MCA, solely because the constitutional due process implications in each transcend the otherwise clear and unambiguous requirements of the statute.

With that frame of reference in mind, we hold that Gollehon's motion for new trial, filed three and one-half years post-verdict, is barred as being not timely filed and that neither the Perry nor the Barrack exceptions are applicable in the instant case. Unlike Barrack, Gollehon has had a direct appeal of his case, and he has not been lulled into the waiver of any posttrial remedy through error of the trial court. Unlike Perry, Gollehon has the vehicle to raise his post-verdict claims through a petition for post-conviction relief. He may still timely file such a petition under § 46-21-101, MCA; to date, he has simply chosen not to do so.

Accordingly, while we affirm the District Court's denial of Gollehon's motion for new trial as being time-barred, we decline to address the merits of the defendant's Brady claim brought in the context of his untimely new trial motion.

_____
                                      Justice

We Concur:

_____
          Chief Justice

_____

_____

William E. Hurst

W. William Leaphart

Jim Treweiler

Justices

November 30, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Michael Donahoe    *(hand delivered)*
Assistant Federal Defender
Box 258
Helena MT 59624-0258

Hon. Joseph P. Mazurek, Attorney General
Jennifer Anders, Pamela Collins, Assistants
215 N. Sanders
Helena MT 59620

Christopher Miller
Powell County Attorney
409 Missouri Avenue
Deer Lodge MT 59122

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *T. Gallegher*
Deputy