# BARRY BEACH,
## Petitioner,
### v.
# RICK DAY, Director,
# Department of Corrections and
# Human Services,
# Respondent.

No. 95-489.
Ordered February 8, 1996.
53 St.Rep. 184.
275 Mont. 370.
913 P.2d 622.

## ORDER

Barry Beach has filed herein his petition for postconviction relief. In response, the Attorney General of the State of Montana, appearing on behalf of the respondent Rick Day (hereafter the State), moved to dismiss Beach's petition. The motion to dismiss has been fully briefed. In addition, Beach has filed a motion for discovery and inspection; given our grant herein of the State's motion to dismiss Beach's petition for postconviction relief, we need not address or rule on the motion for discovery.

In 1984, a jury convicted Beach of deliberate homicide. He was sentenced by the Fifteenth Judicial District Court, Roosevelt County, to one hundred years in prison and determined to be ineligible for designation as a nondangerous offender or for parole. He appealed, through the same counsel who represented him during the trial, raising a number of issues. We issued our opinion affirming on all issues on July 25, 1985, and, thereafter, denied Beach's petition for rehearing. *State v Beach* (1985), 217 Mont. 132, 705 P.2d 94 (*Beach I*).

In May of 1992, Beach filed a petition for writ of habeas corpus in the Montana federal district court. He admitted therein that, except for claims of ineffective assistance of trial counsel, the issues raised in his habeas petition had been raised on direct appeal to this Court and addressed by this Court in *Beach I*. The State moved to dismiss the habeas petition on the basis that Beach had not exhausted certain of his claims in state court. On September 28, 1993, the federal district court stayed Beach's federal habeas proceedings pending exhaustion of claims in state court.

Approximately two years later, on October 30, 1995, Beach filed his petition for postconviction relief in this Court. Thus, the postconviction petition was filed here some eleven years after Beach's conviction and in excess of ten years following our affirmance of that conviction on direct appeal.

Beach's petition states, as grounds for relief, the following:

a. Ground one: Absolutely no physical evidence connected Mr. Beach to the homicide. Rather, the sole basis of the conviction was an illegally obtained confession. The confession was extracted from Mr. Beach in violation of his Fourth Amendment right to be free from unreasonable searches and seizures and his Fifth Amendment right not to incriminate himself. This coerced confession is inherently unreliable and does not match the physical evidence of the crime. Specifically, Mr. Beach's rights were violated in the following respects:

i. the confession was obtained as a result of and after he was arrested in his home without a warrant.

ii. the confession was obtained after Mr. Beach was denied his constitutional right to release on bail.

iii. the confession was obtained after Mr. Beach had been held for more than three days without being taken before a magistrate and arraigned and advised of his rights.

iv. the confession was involuntary.

b. Ground two: Mr. Beach was denied effective assistance of counsel in violation of the Sixth Amendment in that his trial counsel failed to:

i. subpoena certain essential witnesses to testify at the suppression hearing and at trial;

ii. cross-examine prosecution witnesses on the descrepancies [sic] between the facts set forth in his confession and the evidence found at the scene and discovered by subsequent investigation;

iii. move for a mistrial or raise the issue on appeal when the prosecution, after asserting in its opening argument that there was physical evidence connecting Mr. Beach with the homicide, acknowledged that the "evidence" was inadmissible.

iv. move for a mistrial or raise the issue on appeal when the prosecution misstated the evidence and engaged in egregious prosecutorial misconduct in its closing argument by asserting that there was evidence that connected Mr. Beach with the offense that the prosecution was precluded from introducing because of legal technicalities.

Addressing Beach's confession claims first, we compare the confession-related claims quoted above from Beach's petition for postconviction relief to those set forth and resolved in *Beach I*, 705 P.2d at 103-07, relating to Beach's confessions:

A. That such statements were obtained as a result of defendant's arrest in his home without a warrant.

B. Such statements were obtained after the defendant was denied his constitutional right to release on bail.

C. Such statements were obtained after the defendant was denied his right to be taken before a magistrate or a judge and arraigned and advised of his rights.

D. That the State failed its burden of proving the voluntariness of the statements.

The confession claims in Beach's current petition are, for the most part, identical in wording to those raised on direct appeal and are, in any event, identical in substance. Thus, Beach's confession-related claims are barred by the doctrine of res judicata inasmuch as they were raised on direct appeal. *Rudolph v. Day* (1995), [273 Mont. 309], 902 P.2d 1007, 1008 (citation omitted).

■ We observe that Beach raises in his memorandum in support of his petition an additional confession-related claim not specifically stated in his petition, namely, that his confession(s) was false. This claim, too, is barred by res judicata as a claim which could have been raised on direct appeal. *Rudolph*, 902 P.2d at 1008. In addition, § 46-21-105(2), MCA, provides that, when a petitioner had been afforded a direct appeal, "grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition." We recently have held that § 46-21-105(2), MCA, clearly establishes a procedural bar to postconviction claims that could have been raised on direct appeal. *Kills on Top v. State* (1995), [273 Mont. 32], 901 P.2d 1368, 1385. Beach's confession-related claims are barred by res judicata and by § 46-2-105(2), MCA.

■ With regard to the ineffective assistance of counsel claims raised in Beach's petition for postconviction relief, those claims—as well as his confession claims—are untimely. Section 46-21-102, MCA, provides that a petition for postconviction relief "may be filed at any time within 5 years of the date of the conviction." Beach was convicted in 1984 and, accordingly, his October 30, 1995, petition for postconviction relief is time-barred under § 46-21-102, MCA.

Beach argues that the statutory five-year limit is not absolute, and that we should address his postconviction claims regarding ineffective assistance of counsel under the so-called *Perry* exception. *Perry* is inapplicable here, however, and is, as we recently held, "unique on its facts." *State v. Gollehon* (1995), [274 Mont. 116], 906 P.2d 697, 700.

*State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268, involved an out-of-time motion for a new trial, not a petition for postconviction relief; indeed, we specifically declined the State's invitation to deem Perry's pleading a petition for postconviction relief and, on that basis, apply the five-year statute of limitations contained in § 46-21-102, MCA. *Perry*, 758 P.2d at 272. Moreover, the defendant in *Perry* filed his motion for new trial immediately upon discovering "new evidence" allegedly establishing that he did not commit the homicide for which he had been convicted. *Perry*, 758 P.2d at 272. In determining that it was necessary to reach the merits of Perry's new trial motion, we relied heavily on Perry's diligence in proceeding with the new evidence and the absence of other posttrial remedies available to him under which the justness of his claim could be addressed. *Perry*, 758 P.2d at 272-73.

Nothing in the factual or procedural scenario now before us is similar to *Perry*. Here, Beach offers no "new evidence" which has come to light since his appeal was completed, much less since the running of the five years within which he was required by statute to file his petition for postconviction relief. Most of his ineffective assistance claims are record-based and Beach makes no showing that they could not have been raised during the § 46-21-102, MCA, time constraint.

This is equally true of the specific claim argued in Beach's memorandum in support of his petition that his counsel was deficient in not having Beach's Louisiana attorney, Paul Henry Kidd, testify concerning his and Beach's meeting with authorities in Louisiana on January 11, 1983. This claim relates to one of the confession issues raised and addressed in *Beach I*, and to this Court's reliance therein—in determining that Beach's confessions were voluntary—on the second confession, made in his Louisiana attorney's presence. *Beach*, 705 P.2d at 104. Beach now offers Mr. Kidd's affidavit stating that Beach made no such confession in his presence on that date.

■ The record is clear, however, that this affidavit is not new evidence which could not have been discovered during the five-year period within which Beach's petition for postconviction relief was required to be filed under § 46-21-102, MCA. Indeed, during the pendency of Beach's petition for rehearing after issuance of our opinion in *Beach I*, Beach's counsel moved this Court for additional time to supplement his petition for rehearing. The basis of the motion was that counsel had been contacted by Mr. Kidd after Mr. Kidd read this Court's opinion, and counsel desired to obtain Mr. Kidd's affidavit to the effect that Beach did not confess to the Montana murder in his

presence at any time, in Louisiana or elsewhere. Thus, the motion for additional time to supplement the petition for rehearing, dated August 19, 1985, clearly establishes that this information was known and available to Beach from that date forward and could have been included in a timely petition for postconviction relief pursuant to § 46-21-102, MCA. On that basis, this information cannot constitute "new evidence" for purposes of avoiding the statutory five-year time limit pursuant to *Perry*. Nor has Beach demonstrated any fundamental miscarriage of justice which might persuade us of the propriety of refusing to apply the procedural bar we consistently apply. See *Rudolph*, 902 P.2d at 1008. Finally, we note Beach's reliance on *Schlup v. Delo* (1995), ___ U.S. ___, 115 S.Ct. 851, 130 L.Ed.2d 808. *Schlup* is a federal habeas corpus case involving a successive federal habeas petition and the federal test for when the bar against a successive petition can be avoided in order to permit the resolution of underlying constitutional claims on the merits. *Schlup*, 115 S.Ct. at 856-60. It has no application here.

We conclude, therefore, that each of the claims contained in Beach's petition for postconviction relief filed October 30, 1995, is procedurally barred by res judicata, § 46-21-105(2), MCA, and/or § 46-21-102, MCA. Therefore,

IT IS ORDERED that the State's motion to dismiss Beach's petition for postconviction relief is GRANTED; and

IT IS FURTHER ORDERED that the Clerk of this Court shall mail a true copy of this order to counsel of record for the parties.

DATED this 8th day of February, 1996.

/s/ J.A. Turnage, Chief Justice

/s/ Karla M. Gray, Justice

/s/ William E. Hunt, Sr., Justice

/s/ Charles E. Erdmann, Justice

/s/ W. William Leaphart, Justice

/s/ Terry Trieweiler, Justice

JUSTICE NELSON did not participate in this case.