IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 98-168

1999 MT 82

294 Mont. 124

979 P.2d 697

_____

SHERMAN PAUL HAWKINS, )

)

Petitioner, ) O P I N I O N

v. )

) A N D

MIKE MAHONEY, Warden, Montana State )

Prison, and STATE OF MONTANA, ) O R D E R

)

Respondents. )

_____

**¶1. Sherman Paul Hawkins (Hawkins) has filed with this Court a petition for postconviction relief alleging ineffective assistance of his trial counsel. The State of Montana has responded contending that Hawkins' petition should be summarily dismissed by this Court as either time barred or as a successive petition.**

## Background

¶2. Hawkins was convicted in 1973 of first-degree murder in the shooting death of his wife and sentenced to life imprisonment. This Court upheld his conviction and sentence in *State v. Hawkins* (1974), 165 Mont. 456, 529 P.2d 1377. In 1983, Hawkins filed a petition for postconviction relief alleging ineffective assistance of his trial counsel for, among other things, "fail[ing] to call witnesses in the proper manner to develop certain exculpatory testimony favorable to the defense." That petition was denied by the district court and was not appealed.

¶3. On November 14, 1997, Hawkins filed a petition for postconviction relief with the District Court for the Thirteenth Judicial District, Yellowstone County. In this petition, Hawkins alleged that his trial counsel was ineffective for failing to locate and interview several witnesses who Hawkins claimed would have proved evidence in mitigation of his guilt. The District Court summarily dismissed his petition on the basis that Hawkins did not attach to his petition affidavits or other factual documents as required by § 46-21-104(1)(c), MCA, and that the issue raised by Hawkins in his petition had been resolved in a prior proceeding and could not be raised again in a subsequent petition.

¶4. Hawkins appealed to this Court, including with his appeal the necessary affidavits, and petitioned this Court for postconviction relief in an original proceeding. The State, assuming the matter would be treated as an appeal, responded by urging this Court to affirm the District Court's dismissal based on Hawkins' failure to attach supporting affidavits to his District Court petition and on the basis of res judicata.

¶5. By Order of July 21, 1998, we determined that § 46-21-101, MCA (1991), allowing petitions for postconviction relief to be filed directly with this Court, applied in this instance. While § 46-21-101, MCA, was amended in 1997 to require that petitions for postconviction relief be "filed with the district court in the county where the lower court is located," that amendment applies only to convictions that became final after April 24, 1997. Since Hawkins' conviction became final in 1974, we considered Hawkins' filing as a petition for postconviction relief rather than as an appeal from the order of the District Court. Thus we ordered the State to file a supplemental response addressing the merits of Hawkins' petition for postconviction

relief. The State responded contending that Hawkins' petition should be dismissed by this Court as either time barred or as a successive petition.

## Discussion

¶6. In his petition for postconviction relief, Hawkins alleges that his trial counsel was ineffective for failing to locate and interview several witnesses who would have proved evidence in mitigation of his guilt. Hawkins contends that his wife confided to these witnesses that Hawkins was not the biological father of the two children Hawkins believed were his. Hawkins argues that it was this disclosure from his wife that sent him into a rage causing him to shoot her. While Hawkins was unable to produce any witnesses at trial that may have overheard this conversation with his wife the night she was killed, Hawkins claims that he told his attorney to contact certain of his wife's friends to whom she may have confided this information, but that his attorney failed to do so. Hawkins alleges that he only recently became aware that his wife had indeed confided this information to several friends, thus he argues on the basis of newly discovered evidence.

### *Statute of Limitations*

¶7. The State argues that Hawkins' petition for postconviction relief should be dismissed because it is time barred under § 46-21-102, MCA (1991), which requires that a "petition for the relief referred to in 46-21-101 may be filed at any time within 5 years of the date of the conviction." Since Hawkins was convicted more than twenty years ago, the State argues that we should dismiss Hawkins' petition as untimely.

¶8. Hawkins, on the other hand, contends that the proper statute to apply in this situation is the statute that was in effect in 1973, when he was convicted. This statue provided that a petition for postconviction relief could be filed "any time after conviction." Section 95-2604, RCM (1967).

¶9. To determine whether a petition is timely, this Court looks to the statute of limitations in effect at the time the petition for postconviction relief is filed, not to the statute in effect at the time of the conviction. *See State v. Howard* (1997), 282 Mont. 522, 527, 938 P.2d 710, 713. Section 95-2604, RCM (1967), was amended in 1981 to require that a "petition for [postconviction] relief may be filed at any time within 5

years of the date of the conviction." Section 46-21-102, MCA (1981). This statute was again amended in 1991 and is the statute under which the State argues that we should decide this case. The 1991 amendments to the statute remained in effect until 1997, when the legislature imposed a one-year statute of limitations on postconviction petitions.

¶10. Both Hawkins and the State are in agreement that the 1997 amendments do not apply in this case. As the Compiler's Comments to § 46-21-102, MCA (1997), make clear, the 1997 amendments only apply to proceedings in which the conviction became final after April 24, 1997, or during the 12 months prior to April 24, 1997, if a petition under Title 46, chapter 21, has been filed within the 12 months after April 24, 1997. Since Hawkins' conviction was filed more than twenty years prior to the April 24, 1997 effective date, the 1997 statute does not apply to Hawkins' petition for postconviction relief. Hence, contrary to Hawkins' contentions, his petition is subject to the five-year statute of limitations as set forth in § 46-21-102, MCA (1991), as argued by the State.

¶11. Nevertheless, Hawkins contends that his petition for postconviction relief is not time barred because he has newly discovered mitigating evidence proving that he committed the crime under extreme mental and emotional stress. This Court has previously held that the statute of limitations for postconviction proceedings may be waived if there is a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity. *Petition of Gray* (1995), 274 Mont. 1, 2, 908 P.2d 1352, 1352 (citing *State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268).

¶12. However, in *Beach v. Day* (1996), 275 Mont. 370, 374, 913 P.2d 622, 624, we held that *Perry*'s "miscarriage of justice" exception does not apply to postconviction claims unless they allege newly discovered evidence which would establish that the defendant did not commit the offense. In *Perry*, the newly discovered evidence consisted of recantations by a co-defendant which implicated the co-defendant, rather than Perry, as primarily responsible for the victim's murder. More recently, in *State v. Gollehon* (1995), 274 Mont. 116, 120, 906 P.2d 697, 700, we limited *Perry* to its facts.

¶13. In the case *sub judice*, Hawkins contends that the witnesses his attorney failed to discover would have testified that Hawkins' wife made statements to him prior to her death that sent him into a rage causing him to shoot her. As the State points out,

rather than being "newly discovered," this evidence of Hawkins' mental state was available at the time of trial through Hawkins himself.

¶14. Moreover, Hawkins' trial counsel, whose claimed ineffectiveness is the basis for Hawkins' petition, is now deceased. The State would suffer a miscarriage of justice if Hawkins were allowed to make a claim on the merits since the State's primary witness, Hawkins' trial counsel, is not available.

¶15. Thus, pursuant to § 46-21-102, MCA (1991), Hawkins' petition for postconviction relief is time barred.

*Successive Petition*

¶16. The State also argues that Hawkins' petition for postconviction relief is barred as a successive petition under § 46-21-105(1), MCA (1991). While the State is correct that the 1997 amendments to § 46-21-105, MCA, which included a provision to prohibit raising ineffectiveness or incompetence of counsel in a second or subsequent petition, do not apply in this case because of the April 24, 1997 effective date, the State is incorrect that the 1991 statute applies.

Section 46-21-105, MCA, was amended in 1995. It provides:

(1) All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended petition. The original petition may be amended only once. At the request of the state or on its own motion, the court shall set a deadline for the filing of the amended petition. If a hearing will be held, the deadline must be reasonably in advance of the hearing but may not be less than 30 days prior to the date of the hearing. *Those grounds for relief not raised in the original or amended petition are waived unless the court on hearing a subsequent petition finds grounds for relief that could not reasonably have been raised in the original or amended petition.*

(2) When a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition. [Emphasis added.]

¶17 Hawkins filed an original postconviction petition in 1983 wherein he alleged

ineffective assistance of counsel for "fail[ing] to call witnesses in the proper manner to develop certain exculpatory testimony favorable to the defense." Hawkins filed another postconviction petition in the District Court in 1997, again alleging ineffective assistance of counsel. Hawkins subsequently petitioned this Court for postconviction relief and we decided to consider Hawkins' filing as a petition for postconviction relief rather than as an appeal from the District Court's order denying his earlier petition. Thus, this is Hawkins' third petition alleging ineffective assistance of counsel.

¶18 There is nothing in Montana's statutory law that allows a petitioner three chances to present a claim for collateral relief. Furthermore, Hawkins' claim that trial counsel failed to discover witnesses to corroborate Hawkins' claim of mitigating evidence regarding the statements made to him by his wife, is the type of claim which Hawkins could reasonably have raised in his original petition in 1983. Hawkins' claim faulting trial counsel for having failed to discover witnesses whose testimony about which Hawkins should have had knowledge, does not constitute a reasonable excuse for not raising it in the original petition.

¶19 Thus, pursuant to § 46-21-105, MCA (1995), Hawkins' petition for postconviction relief is barred as a successive petition. Based on the foregoing,

¶20 IT IS ORDERED that Hawkins' petition for postconviction relief is DENIED.

¶21 IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Opinion and Order by mail to Hawkins and to the Office of the Attorney General.

¶22 DATED this 20th day of April, 1999.

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY

Justice W. William Leaphart, dissenting.

**¶17. I would hold that Hawkins has alleged sufficient grounds to merit a hearing under *Perry*.**

**¶18. In *Perry*, defendant Perry was convicted of second degree murder in 1971. Sixteen years later he moved for a new trial or other appropriate relief based on the alleged recantation of his accomplice. *Perry*, 232 Mont. 455, 758 P.2d 268. The threshold issue before the Court was whether it had jurisdiction over Perry's petition. The State argued that Perry's petition was time-barred because of the five-year statute of limitations set forth under § 46-21-102, MCA. However, Perry only became aware of the alleged recantation of his accomplice in 1986.**

**¶19. The Court in *Perry* concluded that although Perry's petition was not a petition for habeas corpus, it "sounds in the nature a petition for habeas corpus," and the Court held that it could hear Perry's petition. *Perry*, 232 Mont. at 463, 758 P.2d at 273. The *Perry* Court reasoned that to accept the State's position could result in situations where "a defendant held in violation of his constitutional rights would be deprived of a method of redress regardless of his diligence or the justness of his claim." *Perry*, 232 Mont. at 462, 758 P.2d at 272-73.**

**¶20. In subsequent decisions, this Court has narrowed the *Perry* exception. In *Beach*, the Court distinguished defendant Beach's case from that of Perry, concluding that Beach did not allege the discovery of newly discovered evidence subsequent to his appeal. *Beach*, 275 Mont. 370, 913 P.2d 622. Further, in *Gollehon*, the Court limited *Perry* to its facts and recognized it as a "judicially created exception[ ] to § 46-16-702, MCA, solely because [its] constitutional due process implications . . . transcend the otherwise clear and unambiguous requirements of the statute." *Gollehon*, 274 Mont. at 122, 906 P.2d at 701.**

**¶21. While *Gollehon* could be read literally to require that petitioners present exactly the same facts as did defendant Perry, I submit that such a requirement would**

mistakenly deprive *Perry* of effect for petitioners who, like Perry, present "a claim of unconstitutional incarceration which otherwise would have been procedurally barred before its alleged basis arose." State v. Sullivan (1997), 285 Mont. 235, 244, 948 P.2d 215, 221. In limiting *Perry* to its facts, the Court in *Gollehon* commented that "it is a misapplication of our decision in [Perry] to argue that its analysis should be extended beyond other cases with *like facts*." *Gollehon*, 274 Mont. at 120, 906 P.2d at 700 (emphasis added). In the present case, the facts are sufficiently like those in *Perry*: Hawkins alleges that as a result of his attorney's ineffective assistance he has been unjustly convicted and that he has newly discovered evidence that he has diligently pursued. However, *Perry* must be narrowly construed in light of *Beach* and *Gollehon*. Under *Perry*, a petitioner should allege that a constitutional right has been violated, that he has therefore been unlawfully detained, that the newly discovered evidence was not available before any statutory rights of redress expired, and that he acted diligently upon the newly discovered evidence.

¶22. In the present case, Hawkins has met each one of the *Perry* requirements. Hawkins' allegations are briefly summarized. First, Hawkins' constitutional right to effective assistance of counsel has been violated because his attorney failed to investigate witnesses who had mitigating evidence. As a result of his counsel's failure to investigate, Hawkins was persuaded not to testify. Second, Hawkins is serving a prison sentence for a crime that is higher than that for which he should have been found guilty. Third, Hawkins has mitigating evidence that he only discovered in 1997. Those witnesses are available and willing to testify. Finally, Hawkins has acted diligently; he moved for relief within a few months of his discovery of the mitigating evidence.

¶23. The Court's conclusion that evidence of Hawkins' mental state was available at his trial reflects an unfortunate confusion. The critical undisputed point is that Hawkins did not testify; therefore, evidence of his mental state was *not* available at trial. Hawkins could have testified regarding his mental state but lacked crucial corroborating evidence of his mental state because his attorney failed to investigate witnesses. At trial, Hawkins acted reasonably in following the recommendation of his attorney that he not testify in the absence of corroborating evidence. It is the availability of that corroborating evidence that should properly concern the Court.

¶24. Moreover, the corroborating evidence is not cumulative. In State v. Greeno (1959), 135 Mont. 580, 342 P.2d 1052, the Court reviewed the standard for motions

for new trials based on newly discovered evidence and concluded that a court should determine that such evidence is not "cumulative merely--that is, [it] does not speak as to facts in relation to which there was evidence at the trial." *Greeno*, 135 Mont. at 586, 342 P.2d at 1055. Although there was no evidence of Hawkins' mental state at trial, the affidavits provided by Hawkins clearly bear on Hawkins' mental state when his wife died. *Compare* State v. Gangner (1925), 73 Mont. 187, 192-93, 235 P. 703, 706 (commenting that "[e]vidence is cumulative which merely multiplies witnesses to any one or more of these facts before investigated, or only adds other circumstances of the same general character") (citation omitted).

¶25. I note that the Court's concern with the miscarriage of justice for the State that would result if Hawkins received a hearing is misplaced. *Perry* expressly concerned itself with defendants "held in violation of [their] constitutional rights," not with inconvenience to the State because a witness is deceased. *Perry*, 232 Mont. at 462, 758 P.2d at 272-73. Moreover, at a hearing the State could thoroughly examine the witnesses whom Hawkins called.

¶26. The Court also concludes that Hawkins' claim is barred as a successive petition under § 46-21-105, MCA. Section 46-21-105, MCA, provides in part:

The court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief *that could not reasonably have been raised* in the original or an amended original petition.

Section 46-21-105(1)(b), MCA (emphasis added). The issue then is whether, in his 1983 petition, Hawkins could reasonably have raised the claim that his trial counsel failed to investigate witnesses with mitigating evidence.

¶27. In State v. Bromgard (1995), 273 Mont. 20, 901 P.2d 611, this Court reviewed the order of a district court denying defendant Bromgard's second petition for post-conviction relief. Concluding that whether the grounds raised in a defendant's second petition could reasonably have been raised in his original petition was a question of fact, the *Bromgard* Court commented:

While at first blush it may seem obvious that an argument based on the same newspaper article which formed the basis of Bromgard's previous petition could have been raised by

the previous petition, we have no factual record from which to consider evidence to the contrary. As Bromgard points out, issues of this nature are best resolved after an evidentiary proceeding in the district court.

*Bromgard*, 273 Mont. at 24, 901 P.2d at 614. *In the present case, of course, the Court has heard Hawkins' petition as a petition for postconviction relief, not as an appeal from an order of the District Court. However, Bromgard's determination that the reasonableness of claims raised in subsequent petitions is a question of fact should guide the Court in the present case.*

**¶28. Applying a reasonableness standard to Hawkins' petition requires our eschewal of a mechanical analysis that merely determines whether a claim could possibly have been raised previously.** *Bromgard* **strongly suggests that the circumstances surrounding each petition should be carefully evaluated. In the present case, Hawkins claims that he was not aware until the summer of 1997 that particular witnesses knew of and were willing to testify regarding his wife's disclosure about the paternity of her children. However, the Court concludes that in his original, 1983 petition Hawkins could have raised the grounds that he has articulated in the petition before the Court. Thus, the Court has in essence determined that in 1983 Hawkins should have known that his wife had confided in specific individuals about the paternity of her children; known how to reach those individuals; and known that they were willing to testify. I do not share the Court's great confidence in the resources and wherewithal of prisoners to investigate such grounds for postconviction relief. At the very least, Hawkins' ability in 1983 to develop the information that he alleges he received in the summer of 1997 is a question of fact that warrants an evidentiary hearing.**

**¶29. I would hold that Hawkins' petition for postconviction relief is not barred as a successive petition under § 46-21-105, MCA, and that Hawkins is entitled to a hearing under** *Perry***. I dissent.**

/S/ W. WILLIAM LEAPHART

Justices Terry N. Trieweiler and William E. Hunt, Sr., join in the foregoing dissent of Justice W. William Leaphart.

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER