No. 12686

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THE STATE OF MONTANA,

          Plaintiff and Respondent,

-vs-

SHERMAN P. HAWKINS,

          Defendant and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
          Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Sandall, Moses, Cavan and Kampfe, Billings, Montana
        D. Frank Kampfe argued, and A. Clifford Edwards
        argued, Billings, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        John P. Atkins, Assistant Attorney General, argued,
        Helena, Montana
        Harold F. Hanser, County Attorney, Billings, Montana
        Charles A. Bradley, Deputy County Attorney, argued,
        Billings, Montana

---

                Submitted: September 13, 1974

                Decided DEC 2 6 1974

Filed: DEC 2 6 ...

_Thomas J. Kearney_
                   Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a final judgment of conviction after a jury verdict of guilty of murder in the first degree in the district court, Yellowstone County, in connection with the slaying of defendant's wife, Sandra Hawkins.

This appeal presents but one issue for this Court's review: The refusal by the trial judge to give additional instructions to the jury during its deliberation.

The facts are not in dispute and appellant agrees the court properly instructed the jury, prior to deliberation.

The jury retired for deliberation at 4:53 p.m.; at 12:40 a.m., the court ordered the jury into the courtroom and proceeded in this manner:

"THE COURT: Ladies and Gentlemen of the Jury, I don't want you to indicate to me in any way what your vote may be at this point or which way your vote may be, but I want to ask you if you think that you are close to reaching a verdict at this time.

"JURY FOREMAN: Yes, Your Honor, I think that we are fairly close. I mean it isn't that lopsided.

"THE COURT: The reason that I am asking this is that it has been a long day for all of you, I know, and some of you probably have great endurance, physical and otherwise, than others because of age and various things, and this is what I am concerned about, and this is why I was inquiring as to whether or not you think you are close to a verdict.

"JURY FOREMAN: May I ask a question, sir?

"THE COURT: No, the law won't permit that. If you have any questions the law requires that you submit the question to me in writing and I will answer it in the same way.

"JURY FOREMAN: We have it in writing.

"THE COURT: Very well, Mr. Bailiff, will you submit the written question to the Court?

"(Thereupon the Bailiff submitted the written questions to the Court, said questions being as follows:

"1. Do each of the conditions of willful, deliberate and premeditated have to be proven by the State?

"2. Does deliberate have anything to do with premeditate?

"3. Does deliberate mean the defendant has given thought to more than deciding to perform or not perform the action?

"4. Does deliberation mean considering the consequences of the crime before committing it?"

The court excused the jury until 9:00 a.m., the following day and immediately met with counsel in chambers. The court's first impression, stated in the record, was that if counsel agreed the court would instruct the jury that the words were already defined in the instructions and he could not instruct further on definition. Further, the court suggested that if both counsel could agree on any further definition that would answer the jury's questions, the court would also consider that as well.

Counsel could not agree to additional instruction. Counsel representing the state requested that no further instruction be given the jury to prevent any further confusion. Counsel for defendant requested that question number 1 be answered, but that numbers 2, 3, and 4 not be answered. Counsel for the state objected to the answering of question 1, and stated that if number 1 was answered, then numbers 2, 3 and 4 should also be answered. In other words, counsel disagreed about which of the questions, if any, should be answered and did not make any effort to propose further definition as suggested by the court, except in this suggestion by defense counsel to call further attention to court's Instruction No. 1:

"MR. KAMPFE: The first question bothers me, Judge.

"THE COURT: But it should be clearly defined.

"MR. BRADLEY: Every material allegation of the Information has to be proved and these are the material allegations. The word willful, premeditated and deliberate are all defined.

"MR. KAMPFE: Well, the first question bothers me because that is very plain in the Instructions.

"THE COURT: It's in the first instruction. I think the first two instructions cover that, the fact that they must prove all of the material allegations are in about three or four instructions altogether, but it is specifically set out what the specific allegations are and you can define willful and premeditation.

"MR. KAMPFE:    It would be my suggestion to the Court
that the first question should be answered by either
referring to a specific Court instruction and an
example of that would be see Court's Instruction such and
such, or in the alternative, which would be answered by
saying, yes, before a conviction of first degree murder
can be rendered you must believe beyond a reasonable
doubt that each of these separate elements have been
proven by the State, and I make the additional suggestion
that the three remaining questions should not be answered.
* * *."  (Emphasis supplied.)

The state, as stated heretofore, objected and the court

submitted the following answer to the jury:

"The answers to your questions are contained in the
instructions given.  I cannot further instruct you
on these matters and suggest that you refer to the
written instructions on the law which you have in the
jury room."

The record does not indicate any objection by counsel to the

method the judge adopted to solve the problem of the jury's

questions.

Appellant contends that the court's refusal to answer the

jury's questions is an abnegation by the trial judge of his

specific and his single most important duty:  to insure a fair and

impartial trial for the accused.  That without an answer to the

jury's question number 1, submitted to the court, appellant main-

tains the jury was still confused as to who had the burden of proof

as to the material allegations of willful, deliberate and pre-

meditated.  He contends he was thereby denied his right to a fair

jury trial.

It is, however, also arguable that the reply of the trial

judge to the jury sufficiently cleared up the confusion on the

part of the jury so that it fully comprehended who had the burden

of proof in proving the material allegations.

Section 95-1913(d), R.C.M. 1947, provides in pertinent part:

"* * * After the jury has retired  for deliberation * * *
if they desire to be informed on any point of law arising
in the cause, they must require the officer to conduct
them into court.  Upon being brought into court, the in-
formation requested may given in the discretion of the
court * * *."  (Emphasis added.)

It is therefore, in the discretion of the court whether or not to give additional instructions to the jury. The district judge did not abuse his discretion.

If the judge is of the opinion the instructions already given are adequate, correctly state the law, and fully advise the jury on the procedures it is to follow in its deliberation, his refusal to answer a question already answered in the instructions is not error. Tellis v. State, 84 Nev. 587, 445 P.2d 938; State v. Vaughn, 200 Ore. 275, 265 P.2d 249; State v. Flett, 234 Ore. 124, 380 P.2d 634; State v. Weinandt, 84 S.D. 322, 171 N.W.2d 73.

This is particularly true when defense has argued that the instructions as a whole are adequate and the answer to the jury's question number 1 "is very plain in the instruction" given. This takes defendant's argument away from judicial discretion and into the area of personal opinion and conjecture as to confusion, i.e., the five instructions presented as primarily responsible; which questions caused confusion and if one or all should or should not be answered, and if any confusion existed after the court's instruction to reread the instructions already given.

Defendant relies on State v. Jackson, 88 Mont. 420, 293 P. 309, for support. However, a close reading of Jackson will demonstrate that these are not our facts and hence easily distinguishable from the instant case. Jackson arose from the withdrawal of an instruction felt necessary by the Supreme Court, which in fact was instructing the jury further and orally at that, when told by the trial court to disregard the withdrawn instruction.

The judgment of the district court is affirmed.

_____
        Justice

- 5 -

We Concur:

------------------------------------
Chief Justice

_Frank I. Haswell_

_Wesley Castles_

_John Conway Harrison_
Justices.