No. 04-355

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 147

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JOHN VINCENT DUNFEE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and for the County of Silver Bow, Cause No. DC 2003-168,
The Honorable Kurt Krueger, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Wade J. DaHood and Michelle Sievers, Knight, DaHood, Everett & Sievers,
Anaconda, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Kathy Seeley and John P. Connor,
Jr., Assistant Attorneys General, Helena, Montana

          Robert M. McCarthy, Silver Bow County Attorney, Butte, Montana

Submitted on Briefs:  November 4, 2004

Decided:  June 8, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 John Vincent Dunfee (Dunfee) appeals from a judgment in the Second Judicial District Court, Silver Bow County, convicting him of aggravated assault and committing him to the Montana Department of Corrections (DOC). We affirm.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court err when it denied Dunfee's motion for a new trial based upon a juror's failure to disclose during *voir dire* that he had previously been assaulted by Dunfee's brother?

¶4 2. Did the District Court err when, in response to a written question from the jury, it referred the jury to the instructions already given?

¶5 3. Did the District Court err when it admitted four color photographs of the victim into evidence?

¶6 4. Did the District Court err when it denied Dunfee's motion to dismiss the Information for lack of probable cause?

¶7 5. Was there sufficient evidence to support the conviction for aggravated assault, specifically to support a finding that Dunfee acted purposely or knowingly?

¶8 6. Did the District Court err in denying Dunfee's motion for a new trial on the basis of improper comments made by the prosecutor during his rebuttal closing argument?

¶9 7. Did the District Court err when it considered, at sentencing, other acts of Dunfee included in the pre-sentence investigation report?

¶10 8. Did the District Court err when it issued an order requiring any correctional

placement of Dunfee be made outside the Butte-Silver Bow County area?

BACKGROUND

¶11    On August 26, 2003, William Pesanti (Pesanti) was cleaning the outer doors at Butte Central Catholic High School in Butte.  Pesanti noticed Dunfee, whom he knew to be a former professional boxer, parking his truck near the Knights of Columbus gym.  Pesanti, wishing to discuss an issue involving his daughter, approached Dunfee and the two men began arguing.  There is conflicting testimony as to who threw the first punch, but witnesses testified they observed Dunfee hitting Pesanti numerous times.  Dunfee admitted punching Pesanti.  Pesanti lost two teeth and suffered broken bones in his face.  He underwent surgery for these injuries, which included the permanent placement of four titanium plates in his face.

¶12    On September 17, 2003, an Information was filed in the District Court charging Dunfee with the offense of aggravated assault, a felony.  Prior to trial, Dunfee moved for dismissal of the charge against him, claiming that the Information and affidavit in support did not state probable cause.  The District Court denied the motion.  A jury trial was conducted February 17 through February 19, 2004, and Dunfee was found guilty.  Dunfee filed a motion for a new trial on March 22, 2004.  A hearing on this motion was held on April 7, 2004, and the motion was denied.  A sentencing hearing was held on May 12, 2004. The District Court committed Dunfee to DOC for placement in an appropriate facility or program for a term of ten years, with seven years suspended, subject to numerous conditions. The Defendant now appeals.

DISCUSSION

ISSUE ONE

¶13 **Did the District Court err when it denied Dunfee's motion for a new trial based upon a juror's failure to disclose during *voir dire* that he had previously been assaulted by Dunfee's brother?**

¶14 A district court's ruling on a motion for a new trial and its decision as to the impartiality of a jury should not be set aside unless there is an abuse of discretion. *State v. Azure*, 2002 MT 22, ¶ 30, 308 Mont. 201, ¶ 30, 41 P.3d 899, ¶ 30; *State v. McMahon* (1995), 271 Mont. 75, 78, 894 P.2d 313, 315.

¶15 Dunfee argues that because a member of the jury was previously assaulted by Dunfee's brother and did not reveal this information during *voir dire*, he was denied a fair trial. The State argues the juror responded truthfully to all questions asked of him during *voir dire* and did not conceal any information.

¶16 This Court has consistently held that where juror non-disclosure does not amount to intentional concealment and no further evidence of bias is proven, there are no grounds for reversal. *State v. Bauer* (1984), 210 Mont. 298, 310-11, 683 P.2d 946, 953; *State v. Woods* (1986), 221 Mont. 17, 21, 716 P.2d 624, 627; *State v. Hatten*, 1999 MT 298, ¶¶ 28-29, 297 Mont. 127, ¶¶ 28-29, 991 P.2d 939, ¶¶ 28-29.

¶17 After a review of the record, we cannot find any instance where the juror in question deliberately concealed any information. He answered every question that was asked of him truthfully. No questions were asked which required him to disclose his knowledge of

5

Dunfee's brother. Additionally, during the hearing on the motion for a new trial, the juror testified under oath that he had no ill feelings towards either Dunfee or his brother and that he was a fair and impartial juror. Other than his speculation, Dunfee has presented no evidence that the juror held any ill will toward him.

¶18 Under these circumstances, the District Court did not abuse its discretion when it denied Dunfee's motion for a new trial on the ground of juror misconduct.

ISSUE TWO

¶19 **Did the District Court err when, in response to a written question from the jury, it referred the jury to the instructions already given?**

¶20 The standard of review of jury instructions in criminal cases is whether the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. *State v. Courville*, 2002 MT 330, ¶ 15, 313 Mont. 218, ¶ 15, 61 P.3d 749, ¶ 15 (citation omitted).

¶21 Dunfee faults the District Court for answering a question from the jury–whether the terms purposely and knowingly applied to the seriousness of the injuries or just to the actions of the defendant, with a reference to review Jury Instructions No. 11 and No. 12. Dunfee asserts that the jury should have been instructed that the mental state applied to the conduct as well as the result of that conduct. The State counters that Jury Instructions No. 11 and No. 12 provided exactly the answer Dunfee claims should have been given to the jury.

¶22 Jury Instruction No. 11 provided that "[a] person commits the offense of aggravated assault if the person purposely or knowingly causes serious bodily injury to another."

6

Instruction No. 12 provided:

> To convict the Defendant of Aggravated Assault, the State must prove the following elements: 1) that the Defendant caused serious bodily injury to William Pesanti; and 2) that the Defendant acted purposely or knowingly.
>
> If you find from your consideration of the evidence that all of these elements have been proved beyond a reasonable doubt, then you should find the Defendant guilty. If, on the other hand, you find from your consideration of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.

¶23 In *State v. Hawkins* (1974), 165 Mont. 456, 529 P.2d 1377, the jury submitted four questions during the course of its deliberation to the district court. After conferring with counsel, the court directed the jury that the answers to their questions were contained in the jury instructions already given to them. On appeal, we stated that: "[i]f the judge is of the opinion the instructions already given are adequate, correctly state the law, and fully advise the jury on the procedures it is to follow in its deliberation, his refusal to answer a question already answered in the instruction is not error." *Hawkins*, 165 Mont. at 460, 529 P.2d at 1379 (citations omitted).

¶24 Here, Instructions No. 11 and No. 12 adequately answered the jury's question, correctly stated the law, and fully advised the jury on the procedures to follow in its deliberation. Thus, the District Court did not err when, in response to the jury's question, it referred to the existing jury instructions.

ISSUE THREE

¶25 **Did the District Court err when it admitted four color photographs of the victim into evidence?**

7

¶26 A district court's decision regarding the admissibility of evidence should not be set aside unless there is an abuse of discretion. *State v. DuBray*, 2003 MT 255, ¶ 67, 317 Mont. 377, ¶ 67, 77 P.3d 247, ¶ 67. In considering whether photographs should be admitted, a district court must determine whether the probative value of the photos outweighs any prejudicial effect. Rule 403, M.R.Evid; *State v. Henry* (1990), 241 Mont. 524, 531, 788 P.2d 316, 320. This Court has consistently held that photographs possessing instructive value are relevant and admissible provided their probative value is not substantially outweighed by the danger of unfair prejudice. *State v. Close* (1994), 267 Mont. 44, 48, 881 P.2d 1312, 1314.

¶27 Dunfee argues the introduction of four enlarged colored photographs, depicting various stages of bruising of Pesanti's face, were prejudicial and improperly admitted into evidence. Dunfee claims the photographs were unnecessary because testimonial evidence regarding the nature and extent of Pesanti's injuries was heard by the jury.

¶28 The State argues the photos were relevant in that they aided the jury in understanding the nature and extent of Pesanti's injuries. The State further argues that the offense of aggravated assault requires that the jury be informed on the extent of Pesanti's injuries, noting it had to prove Pesanti's injuries qualified as "serious bodily injury."

¶29 In this case, the nature and extent of Pesanti's injuries defined the offense for which Dunfee was charged. The photographs depicted the extent and progression of Pesanti's injuries and were thus probative. The photographs, while unpleasant to look at, are not so inflammatory that we must determine the District Court abused its discretion in allowing the jury to view them. Further, the photographs were not permitted in the jury room during

deliberations. Accordingly, the District Court did not abuse its discretion when it allowed the introduction of four color photographs of Pesanti into evidence.

ISSUE FOUR

¶30 **Did the District Court err when it denied Dunfee's motion to dismiss the Information for lack of probable cause?**

¶31 The determination of whether a motion to file an information is supported by probable cause is left to the sound discretion of the trial court. Thus, the scope of review is one of detecting abuse in the exercise of that discretion. *State v. Arrington* (1993), 260 Mont. 1, 6-7, 858 P.2d 343, 346.

¶32 Dunfee argues the District Court erred when it determined the Information and affidavit in support stated probable cause to believe he had committed an offense. Specifically, Dunfee contends facts known to law enforcement officers at the time the Information was filed were not set forth in the affidavit and that these facts showed Dunfee did not intend to commit any crime but only wished to defend himself.

¶33 The State asserts that the charging documents clearly stated the probability that Dunfee purposely or knowingly caused serious bodily injury to Pesanti by striking him with his fists. The State contends that Dunfee's argument confuses the affirmative defense of justifiable use of force with the lack of probable cause to support the charge against him.

¶34 We agree with the State. After a review of the charging documents, it is clear they contained the required showing of probable cause that Dunfee committed the offense of aggravated assault. This is all that is required under the law. *State v. Elliott*, 2002 MT 26,

9

¶ 26, 308 Mont. 227, ¶ 26, 43 P.3d 279, ¶ 26. The determination of whether Dunfee was justified in using force is a factual determination within the province of the jury. *State v. Gonzales* (1996), 278 Mont. 525, 534, 926 P.2d 705, 711. The burden of convincing the jury to acquit based on this affirmative defense lies completely with the defendant. *State v. Longstreth*, 1999 MT 204, ¶ 22, 295 Mont. 457, ¶ 22, 984 P.2d 157, ¶ 22 (citation omitted). The State was not required to set forth evidence showing Dunfee may have been acting in self defense. That burden was on Dunfee during trial.

¶35    We conclude the Information and supporting affidavit were supported by probable cause. Thus, the District Court did not abuse its discretion when it denied Dunfee's motion to dismiss the Information for lack of probable cause.

ISSUE FIVE

¶36    **Was there sufficient evidence to support the conviction for aggravated assault, specifically to support a finding that Dunfee acted purposely or knowingly?**

¶37    Dunfee argues the District Court should have vacated his conviction because the jury may not have correctly applied the purposely or knowingly mental state to all elements of the offense. Further, Dunfee asserts that his actions were in self defense, therefore precluding the mental state required to sustain his conviction. The State argues that there was ample evidence presented at trial to support Dunfee's conviction for aggravated assault.

¶38    Dunfee's argument fails for reasons discussed earlier in this Opinion under Issues Two and Four. Dunfee admitted on the stand he hit Pesanti in the face numerous times. He also admitted to hitting him hard. Being an experienced boxer, he knew it was highly

10

probable his blows would inflict serious bodily injury. Accordingly, there was sufficient evidence to support Dunfee's conviction for aggravated assault, specifically to support a finding that Dunfee acted purposely or knowingly.

## ISSUE SIX

¶39 **Did the District Court err in denying Dunfee's motion for a new trial on the basis of improper comments made by the prosecutor during his rebuttal closing argument?**

¶40 A district court's ruling on a motion for a new trial should not be set aside unless there is an abuse of discretion. *Azure*, ¶ 30.

¶41 Dunfee argues the State made prejudicial and improper statements during its rebuttal closing arguments when it characterized defense witnesses as liars and its own witnesses as truthful. Dunfee urges this Court to address this issue despite his failure to object to the comments made in the State's rebuttal closing argument.

¶42 The State contends Dunfee's failure to object to its comments preclude review on appeal and that the plain error doctrine is not applicable. Regardless, the State maintains that its comments were not improper.

¶43 In order to properly preserve an issue for appeal, a defendant must make a timely objection or motion to strike. *State v. Whitlow* (1997), 285 Mont. 430, 442, 949 P.2d 239, 247 (citation omitted). For an objection to be timely, it must be made as soon as the grounds for the objection become apparent. *Whitlow*, 285 Mont. at 442, 949 P.2d at 247. In *State v. Grace*, 2001 MT 22, 304 Mont. 144, 18 P.3d 1008, this Court refused to consider whether prosecutorial comments were improper, reasoning that the defendant waived his objection

11

by not timely objecting to the comments. *Grace*, ¶ 35. Dunfee did not timely object to the State's comments. While this Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made, we decline to do so here, as our refusal to do so will not result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. *See State v. Finley* (1996), 276 Mont. 126, 137, 915 P.2d 208, 215, *overruled on other grounds*.

¶44 Since Dunfee failed to object to the State's comments and we have determined the plain error doctrine to be inapplicable, we decline to address the merits of Dunfee's argument.

ISSUE SEVEN

¶45 **Did the District Court err when it considered, at sentencing, other acts of Dunfee included in the pre-sentence investigation report?**

¶46 This Court reviews a district court's sentence for legality only, confining its review to whether the sentence falls within the parameters set by statute. *State v. Webb,* 2005 MT 5, ¶ 8, 325 Mont. 317, ¶ 8, 106 P.3d 521, ¶ 8; *State v. Eaton*, 2004 MT 283, ¶ 11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11.

¶47 Dunfee argues the District Court's reliance, for sentencing purposes, on a pre-sentence report, which contained records of Dunfee's prior police contacts, some of which did not result in arrest or conviction, violated his constitutional rights and was improper pursuant to various Montana cases and several cases from other jurisdictions.

12

¶48 The State argues the District Court's reliance on the pre-sentence report was appropriate. The State cites *State v. Baldwin* (1981), 192 Mont. 521, 629 P.2d 222, and *State v. Mason*, 2003 MT 371, 319 Mont. 117, 82 P.3d 903, in support of its position.

¶49 In imposing a sentence, the sentencing court may consider any relevant evidence relating to the nature and circumstances of the crime, the character of the defendant, the defendant's background and history, mental and physical condition, and any evidence the court considers to have probative force. *Mason*, ¶ 23 (citing *State v. Collier* (1996), 277 Mont. 46, 63, 919 P.2d 376, 387). We have held this includes evidence of other acts, even those resulting in acquittal or which are dismissed pursuant to a plea bargain agreement. *Baldwin*, 192 Mont. at 524, 629 P.2d at 224; *Collier*, 277 Mont. at 63, 919 P.2d at 387. In *Baldwin*, this Court held the district court had the right to consider facts leading to aggravated assault charges, for which the defendant had been previously acquitted, noting that "a trial court may consider the broad spectrum of incidents making up the background of an offender in determining the proper sentence." *Baldwin*, 192 Mont. at 524, 629 P.2d at 224.

¶50 While a defendant is entitled to have his sentence predicated on substantially correct information, the trial court is not required to shut its eyes to prior incidents. *Baldwin*, 192 Mont. at 524-25, 629 P.2d at 224. The District Court here did not rely on erroneous information. In fact, the pre-sentence report included Dunfee's version of each of the reported police contacts. This is not error. *See Baldwin*, 192 Mont. at 524-25, 629 P.2d at 224 (sentencing judge did not err when he relied on pre-sentence report which contained

13

defendant's volunteered version of the underlying facts of his previous acquittal). Accordingly, the District Court did not err in sentencing Dunfee when it considered information contained in the pre-sentence report regarding Dunfee's prior police contacts.

ISSUE EIGHT

¶51 **Did the District Court err when it issued an order requiring any correctional placement of Dunfee be made outside the Butte-Silver Bow County area?**

¶52 As mentioned above, this Court reviews a district court's sentence for legality only, confining its review to whether the sentence falls within the parameters set by statute. *Webb,* ¶ 8, *Eaton*, ¶ 11.

¶53 Dunfee argues the District Court's condition on Dunfee's sentence, that "if during the term of his sentence the Department of Corrections were to place the Defendant outside the Montana State Prison in a prerelease facility or other in-custody correctional program, said placement shall be outside the Butte-Silver Bow County area," is not reasonably related to the goals of rehabilitation. The State contends this condition is legal and should be upheld because it is based on the proper purposes of rehabilitation and protection of the victim and society.

¶54 Montana's statutes provide that a sentencing judge may impose conditions and restrictions on the offender's freedom of association, § 46-18-202(1)(c), MCA, restrictions on the offender's freedom of movement, § 46-18-202(1)(d), MCA, and "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society." Section 46-18-202(1)(f), MCA.

14

¶55 This Court has held that in some circumstances a probation condition which banishes a defendant from a specific county is broader than necessary to accomplish the goals of rehabilitation and the protection of society, and thus violates the statutory provisions regarding probation. *State v. Muhammad*, 2002 MT 47, ¶ 28, 309 Mont. 1, ¶ 28, 43 P.3d 318, ¶ 28. However, the District Court in this case did not impose a condition of probation, but rather placed restrictions on Dunfee's correctional placement. Such a condition is not broader than necessary to accomplish the statutory goals mentioned above. Further, the record amply supports the District Court's condition on Dunfee's sentence for the purposes of rehabilitation and for the protection of the victim and society. Dunfee admitted to the officer who completed the pre-sentence investigation report that the Butte-Silver Bow community is bad for him because the "people in this town" constantly pick fights with him to "challenge the old fighter." The pre-sentence investigation report also noted that the victim and the victim's family fear retaliation by Dunfee.

¶56 Accordingly, the District Court's order requiring any correctional placement of Dunfee be made outside the Butte-Silver Bow County area falls within the parameters set by statute and was not in error.

¶57 The judgment and commitment imposed by the District Court are affirmed.

/S/ JOHN WARNER

15

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA O. COTTER


Justice W. William Leaphart concurring in part and dissenting in part.

¶58     I concur in Issues 1 through 6 and Issue 8.  I dissent on Issue 7: whether the court erred at sentencing in considering Dunfee's other past acts resulting in police contact, irrespective of whether the acts resulted in charges or convictions.  I dissent for the same reasons set forth in my dissent in *State v. Mason*, 2003 MT 371, ¶¶ 41-48, 319 Mont. 117, ¶¶ 41-48, 82 P.3d 903, ¶¶ 41-48.

/S/ W. WILLIAM LEAPHART