FILED

May 19 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0611

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 176N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

KELLY ALLEN FRANK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC 2007-067
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kelly Allen Frank (Self-Represented), Deer Lodge, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General, Mardell Ployhar, Helena, Montana

          Lewis K. Smith, Powell County Attorney, Deer Lodge, Montana

Submitted on Briefs:  April 22, 2009

Decided:  May 19, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kelly Allen Frank (Frank) appeals from a judgment in the Third Judicial District Court finding him guilty of escape, a felony in violation of § 45-7-301, MCA. We affirm.

¶3 In August 1998, Frank pled guilty to felony intimidation and misdemeanor stalking. He was given a ten-year suspended sentence on the intimidation charge and a six-month sentence for stalking. In March 2005, Frank was charged with felony theft and solicitation, and obstructing a peace officer. Additionally, a report was filed indicating that he had violated his conditions of supervision. In July 2005, Frank was charged with possessing an unlawfully taken antlered deer having a value of more than $1,000.

¶4 On September 12, 2005, Frank pleaded guilty to the theft and possession of wildlife charges and his suspended sentenced was revoked. On September 15, 2005, Frank began serving a prison term at the Montana State Prison. Frank was eventually given a job working for the prison ranch. On June 8, 2007, Frank left the prison ranch without authorization in a prison truck. After five days, Frank was captured in Lake

County.  It is alleged that Frank participated in two burglaries and thefts from two different residences during the time he was on the run.

¶5     On July 24, 2007, Frank was charged with felony theft and felony escape.  He initially entered a plea of not guilty.  On May 8, 2008, Frank entered into a plea agreement with the State.  The State agreed to dismiss the theft charge and withdraw Persistent Felony Offender Notification, in exchange for a plea of guilty on the escape charge.  The District Court accepted the plea after Frank entered a voluntary, knowing, and intelligent waiver of his rights, with full awareness of the constitutional and statutory rights he would waive by entering his plea.  During this time, Frank was represented by counsel.  Based on his guilty plea to felony escape, the District Court sentenced Frank to ten years with the Department of Corrections.

¶6     Frank now appeals from this judgment, raising a number of issues on appeal. First, he argues that he received an illegal sentence on his conviction of felony assault. Second, he argues that the County Attorney abused his discretion in filing the felony escape charge against him, and that this charge was filed only to gain improper leverage over him in order to secure a conviction.  Frank also asserts that the County Attorney abused his discretion and ethical obligations by lying to him about charges being filed against him in several other counties based on the allegations of theft.  Third, Frank argues that the District Court improperly relied upon unproven and false allegations that Frank had engaged in criminal conduct in other jurisdictions when it sentenced him. Fourth, Frank asserts that the Persistent Felony Offender Notice should never have been considered in this matter based on a failure to provide the required notice at an omnibus

3

hearing. Fifth, Frank argues that the District Court improperly considered mitigating factors (namely, Frank's diminished mental capacity due to chemical exposure prior to his escape) in order to increase his sentence, which Frank claims should have in fact reduced his culpability. Finally, Frank argues that his counsel before the District Court was ineffective and fell below the reasonable range of professional conduct required under Montana law.

¶7     As to issues one and five, we conclude that Frank's sentence for felony escape was within statutory parameters and legal. Since Frank had previously been convicted of a felony but did not escape with the use or threat of force, physical violence, or a weapon or simulated weapon, he could be sentenced for a term of up to ten years as was done in this case. *See* § 45-7-306(3)(b), MCA. Moreover, the District Court explained in its judgment that it was considering Frank's prior criminal record in determining his sentence, and did not increase his sentence due to mitigating factors. Thus, we affirm the legality of Frank's sentence.

¶8     Under issue two, the State correctly notes that by pleading guilty Frank waived his right to challenge all non-jurisdictional defects and defenses, including claims of any constitutional violations which occurred prior to the plea. *See Hagan v. State*, 265 Mont. 31, 873 P.2d 1385 (1994). Since Frank does not allege that his plea was not knowingly, voluntarily, and intelligently entered, we agree with the State that he has waived his right to now challenge his conviction on appeal under issue two.

¶9     With respect to issues three and four, we agree with the State that these challenges are not supported by citations to the record or any legal authority as required by

4

M. R. App. P. 12(1)(f), and that they are raised for the first time on appeal. Thus, we affirm Frank's conviction with respect to these issues as well.

¶10 Finally, we turn to Frank's claims for ineffective assistance of counsel. As with Frank's other arguments, these claims are generally not supported by citations to the record or proper authority as required under M. R. App. P. 12(1)(f). For instance, Frank claims that his counsel's performance was ineffective because: (1) his defense counsel took $2,100 from him for restitution that was not ordered; (2) his defense counsel, along with the prosecutor, improperly threatened him into accepting the plea agreement; and (3) his defense counsel knowingly allowed the prosecutor to make false statements to get him to accept the plea agreement. There is no record to support any of these allegations. If Frank wishes to provide evidence to support these non-record based allegations, he must file a petition for post-conviction relief instead of challenging them on direct appeal. *See State v. White*, 2001 MT 149, 306 Mont. 58, 30 P.3d 340.

¶11 Another allegation which Frank posits in support of his ineffective assistance of counsel claim is that his counsel failed to object to the District Court's comments on Frank's uncharged offenses in sentencing him. However, this Court has held it is not improper for the District Court to consider such conduct. *State v. Dunfee*, 2005 MT 147, ¶ 49, 327 Mont. 335, 114 P.3d 217. Thus, this allegation of ineffective assistance of counsel must fail as well.

¶12 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for

5

memorandum opinions.  It is manifest on the record before us that the District Court did not err in convicting and sentencing Frank for felony escape.  Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON