DA 08-0339

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 194N

KELLY DUANE ZAVALNEY,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-06-361BX
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robin Meguire, Attorney at Law, Great Falls, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein
Assistant Attorney General, Helena, Montana

      Marty Lambert, Gallatin County Attorney; Ashley Harington, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs: May 13, 2009

Decided: June 9, 2009

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Zavalney appeals from the May 21, 2008, order of the Eighteenth Judicial District Court, Gallatin County, denying his petition for postconviction relief. We affirm.

¶3 Zavalney pled guilty to criminal possession of dangerous drugs, a felony, and was sentenced on July 1, 2005. The District Court designated him a persistent felony offender and sentenced him to serve forty years in the Montana State Prison, with the sentence to run concurrently with a prior sentence in Idaho for first degree murder. He did not appeal, but applied for sentence review. The Sentence Review Division affirmed the sentence on March 21, 2006.

¶4 Zavalney argues that his sentence subjected him to double jeopardy because it was additional punishment for his prior Idaho murder conviction. This issue could have been raised on direct appeal but was not. Therefore it may not be raised in a petition for postconviction relief. Section 46-21-105(2), MCA. A petition for postconviction relief is not a substitute for direct appeal. *In re Manula*, 263 Mont. 166, 169, 866 P.2d 1127, 1129 (1993). Even if this issue were considered on its merits, Zavalney has presented no grounds for relief. Enhanced sentences for persistent felony offenders do not constitute double

2

jeopardy. *State v. Shults*, 2006 MT 100, ¶ 26, 332 Mont. 130, 136 P.3d 507. A district court in sentencing may consider any relevant information including facts concerning the defendant, the crime, and the defendant's background and history. *State v. Dunfee,* 2005 MT 147, ¶ 49, 327 Mont. 335, 114 P.3d 217.

¶5 Zavalney argues that his sentence constituted cruel and unusual punishment because of its length. The District Court could have imposed a sentence of up to 100 years because Zavalney was a persistent felony offender. Section 46-18-502, MCA. This Court reviews sentences involving over one year of incarceration for legality only, and review is confined to determining whether the court had statutory authority to impose the sentence, whether the sentence falls within parameters set by the statute, and whether the court adhered to "the affirmative mandates" of the statute. *State v. Rickman*, 2008 MT 142, ¶ 11, 343 Mont. 120, 183 P.3d 49. Sentences within statutory maximums presumably do not constitute cruel and unusual punishment. *Rickman,* ¶ 15. Considerations of proportionality are left to the Sentence Review Division, which has already considered and upheld Zavalney's sentence. *Rickman*, ¶ 16.

¶6 We have considered the issues raised by Zavalney and have determined that the District Court properly denied his petition and that he is not entitled to any relief.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶8 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE