# FILED

April 9 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 12-0118

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 88

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

SERGEY BUSLAYEV,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Mineral, Cause No. DC-2010-11
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Garrett R. Norcott, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana

          Marcia Boris, Mineral County Attorney, Superior, Montana

Submitted on Briefs:  March 13, 2013

Decided:  April 9, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Sergey Buslayev appeals from a jury verdict in the Fourth Judicial District Court, Mineral County, finding him guilty of negligent homicide and criminal endangerment. Buslayev maintains that the District Court improperly admitted into evidence five photos of the victim's body. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 On December 17, 2008, Jerry Parrick, a volunteer with the West End Volunteer Fire Department, responded to a call regarding an overturned vehicle at McGee Point on westbound I-90, at mile marker 17 between Haugen and DeBorgia in Mineral County, Montana. Parrick responded in his firefighter uniform and in his personal pickup. Parrick's pickup was equipped with emergency lighting. As rescue workers began their efforts to extricate a family from an overturned vehicle, Parrick moved his vehicle to a position that would establish a safety zone to alert oncoming traffic of the hazard and to provide an area for rescue personnel to work. At the time of the emergency, snow was falling, the Interstate was snow packed and slippery, and the temperature was five degrees.

¶3 Parrick was inside his pickup, facing west, and parked on the shoulder of I-90 to warn oncoming traffic of the accident. Buslayev, who was operating a commercial tractor trailer, approached Parrick's vehicle and began merging into the left lane. Buslayev downshifted and used the brake which caused the tractor trailer to jackknife and hit Parrick's pickup. The force of the collision pushed the cargo area of the pickup into the cab killing Parrick.

2

¶4     An Information was filed on June 9, 2010, charging Buslayev with negligent homicide and criminal endangerment.  Prior to trial, the parties entered into the following stipulation:

> The parties hereby stipulate that Jerry Parrick died as a result of injuries sustained when his vehicle was struck by a tractor-trailer driven by the Defendant on December 17, 2008.  You should consider this fact to be proven; no other proof is required.

¶5     Buslayev filed a Motion in Limine requesting that five photos of the victim's body, State's Exhibits 1-5, 1-6, 1-7, 1-8, and 1-10, be excluded from evidence at trial. The photos depicted the victim's body in his firefighter gear and how the victim was positioned within the cab of his pickup following impact.  The victim's face was covered with a cloth.  Although Buslayev admits the photographs were not particularly gruesome or gory, he argues that the photos were highly prejudicial in that they depicted death and showed the victim in his firefighter gear.  Buslayev maintains that the photos had no probative value because they could not establish the speed of Buslayev's truck and, in light of the parties' stipulation, were not probative of any issue the jury must decide.

¶6     The State argues that the photos were relevant to demonstrate that the victim's position within the cab was due to Buslayev's excessive speed.  The State also maintains that the position of the victim's body tended to show severe impact and excessive speed which rendered Buslayev's statements to law enforcement that he was traveling at a slower speed incredible and not worthy of belief.

¶7     Both the State and Buslayev produced expert witnesses in crash reconstruction.  A primary consideration for the jury was whether Buslayev was traveling at an excessive

rate of speed given the conditions of the roadway. The District Court noted that the photos helped explain how the accident happened and that they were not "unduly sensational." The court granted Buslayev's request as to one photo which depicted the victim's face, but allowed the State to use the remaining photos which depicted the victim with a cloth over his head.

¶8 The sole issue on appeal is whether the District Court erred when it admitted the photos of the victim into evidence.

## STANDARD OF REVIEW

¶9 A district court's decision regarding the admissibility of evidence will not be reversed absent an abuse of discretion. *State v. Montgomery*, 2005 MT 120, ¶ 7, 327 Mont. 138, 112 P.3d 1014 (citing *State v. Snell*, 2004 MT 334, ¶ 17, 324 Mont. 173, 103 P.3d 503). In considering the admissibility of photographs, a district court must determine whether the probative value of the photos outweighs any prejudicial effect. *State v. Dunfee*, 2005 MT 147, ¶ 26, 327 Mont. 335, 114 P.3d 217 (citing M. R. Evid. 403; *State v. Henry*, 241 Mont. 524, 531, 788 P.2d 316, 320 (1990)). "This Court has consistently held that photographs possessing instructive value are relevant and admissible provided their probative value is not substantially outweighed by the danger of unfair prejudice." *Dunfee*, ¶ 26 (citing *State v. Close*, 267 Mont. 44, 47-48, 881 P.2d 1312, 1314 (1994)). "The test for abuse of discretion is whether the trial court acted arbitrarily or exceeded the bounds of reason resulting in substantial injustice." *State v. English*, 2006 MT 177, ¶ 50, 333 Mont. 23, 140 P.3d. 454 (quoting *State v. Kearney*, 2005 MT 171, ¶ 12, 327 Mont. 485, 115 P.3d 214).

4

¶10    The jury had to decide if Buslayev committed the criminal offense of negligent homicide. A person commits the offense of negligent homicide "if the person negligently causes the death of another human being." Section 45-5-104(1), MCA. Section 45-2-101(43), MCA, defines the mental state of "negligently" as:

> when the person consciously disregards a risk that the result will occur or that the circumstance exists or when the person disregards a risk of which the person should be aware that the result will occur or that the circumstance exists. The risk must be of a nature and degree that to disregard it involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. "Gross deviation" means a deviation that is considerably greater than the lack of ordinary care.

¶11    Evidence having any tendency to make the existence of a fact that is of consequence to an action more probable or less probable is relevant evidence. M. R. Evid. 401. Further, all relevant evidence is generally admissible. M. R. Evid. 402. A trial judge, faced with the potential admission of relevant but prejudicial evidence, is required, pursuant to M. R. Evid. 403, to determine whether the probative value of the evidence is substantially outweighed by the danger of "unfair prejudice." As has been often noted by this Court, probative evidence is frequently prejudicial to the defendant. This does not, however, make it unfairly prejudicial and require its exclusion. *State v. Heuther*, 284 Mont. 259, 265-66, 943 P.2d 1291, 1295 (1997); *State v. Bieber*, 2007 MT 262, ¶ 59, 339 Mont 309, 170 P.3d 444; *State v. Schauf*, 2009 MT 281, ¶ 42, 352 Mont. 186, 216 P.3d 740.

5

¶12     The photos to which Buslayev objects depict the victim's body and his position within the interior of his cab. They are relevant in not only demonstrating the severity or the strength of the impact, but are additionally relevant in depicting the circumstances which establish Buslayev's negligent conduct. As the District Court noted, the photos assist in explaining the accident and illustrate what happened. Although Buslayev stipulated that the victim died as a result of injuries sustained when his vehicle was hit by Buslayev's truck, the photos illustrate not only the impact, but, as specifically noted by the District Court, that the truck jackknifed. The photos thus were probative of Buslayev's negligence and the manner in which the collision occurred.

¶13     The District Court also considered the prejudicial value of the photos and determined that they were not "unduly sensational." The District Court thus correctly balanced the probative value of the photos against their prejudicial effect. Having found the photos not "unduly sensational" and of explanatory or illustrative value, the District Court allowed their admission.

¶14     The balancing of probative value against unfair prejudice is a matter within the discretion of the trial court, and a ruling on the admissibility of photographs will not be disturbed on appeal absent an abuse of discretion. *State v. Devlin*, 251 Mont. 278, 283, 825 P.2d 185, 188 (1991); *State v. Austad*, 197 Mont. 70, 83, 641 P.2d 1373, 1380 (1982). We hold that the District Court properly considered admission of the photos under M. R. Evid. 403 and did not abuse its discretion in admitting them.

¶15     Affirmed.

/S/ LAURIE McKINNON


We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE