DA 11-0734

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 205N

STATE OF MONTANA,

      Plaintiff and Appellee,

      v.

LUCIEN SIDNEY BONCK, III,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 09-0014
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Matthew J. Wald, Wald Law Office, PLLC, Hardin, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
      Attorney General, Helena, Montana

      Scott Twito, Yellowstone County Attorney, Ann-Marie McKittrick,
      Juli Pierce, Deputy County Attorneys, Billings, Montana

Submitted on Briefs:  June 12, 2013

Decided:   July 23, 2013

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lucien Sidney Bonck, III (Bonck) appeals from his conviction on three felony counts of sexual intercourse without consent, three felony counts of sexual assault, and one felony count of witness tampering, following a jury trial in Montana's Thirteenth Judicial District Court, Yellowstone County. We affirm the District Court.

¶3 On January 8, 2009, the State brought charges against Bonck after a school counselor informed the Billings Police Department that a student had reported that Bonck had done inappropriate things to her. The student, C.B., reported three instances that occurred in 2002 when C.B. was seven years old where Bonck inserted his penis into her mouth and touched her vagina. A four-day jury trial was held from January 31 to February 3, 2011. The jury returned a guilty verdict on all counts. The District Court sentenced Bonck to life in prison without parole.

¶4 Bonck raises three issues on appeal. First, Bonck argues that he was denied the right to an impartial jury because a juror knew one of the prosecutors and failed to disclose this fact until the second day of trial. Deputy Yellowstone County Attorneys Ann-Marie McKittrick and Juli Pierce prosecuted Bonck's case. On the second day of trial, Pierce informed Judge Todd in chambers that she knew one of the jurors and the

juror did not seem to recognize her and did not bring it up during the jury selection process. Pierce knew the juror's daughter during high school and had seen him once in the last twelve years. In response, Bonck stated "I sure wouldn't want him on as a juror." Bonck's counsel offered to conduct additional voir dire in chambers.

¶5 The juror was called into chambers. Pierce questioned the juror and the juror stated that he could be fair and impartial even in light of Pierce's relationship with his daughter. Bonck's counsel asked the juror why he failed to disclose his relationship to Pierce during voir dire. The juror responded, and the record confirms, that when McKittrick conducted the voir dire, she introduced Pierce but then asked the jurors only about whether they knew her, not whether they knew Pierce. After questioning the juror, Bonck's counsel stated that he was satisfied and did not object to the juror remaining on the jury. This Court has consistently refused to put a district court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection. *State v. Daniels*, 2011 MT 278, ¶ 36, 362 Mont. 426, 265 P.3d 623; *State v. English*, 2006 MT 177, ¶ 71, 333 Mont. 23, 140 P.3d 454. By failing to object to the juror's continued participation in the trial, Bonck failed to properly preserve his claim that his constitutional right to an impartial jury was violated.

¶6 In the alternative, Bonck argues that his counsel rendered ineffective assistance by not properly questioning or challenging the juror. The record demonstrates that Bonck's counsel explored the relationship between the juror and the prosecutor, questioned the juror as to why he did not previously mention his connection to the prosecutor, and requested assurances that the juror could act impartially when hearing the case. When, as

3

here, a juror's nondisclosure does not amount to intentional concealment and no further evidence of bias exists, there are no grounds for reversal. *See State v. Rennaker*, 2007 MT 10, ¶ 35, 335 Mont. 274, 150 P.3d 960; *State v. Dunfee*, 2005 MT 147, ¶ 16, 327 Mont. 335, 114 P.3d 217. Accordingly, we dismiss Bonck's ineffective assistance of counsel claims with prejudice.

¶7 Second, Bonck asserts that the District Court erred by admitting evidence that Bonck sexually assaulted a young girl other than the named victim. Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." M. R. Evid. 404(b). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." M. R. Evid. 404(b).

¶8 Prior to trial, the State filed a Notice of Intention to Use Evidence of Other Crimes, Wrongs, or Acts, as was required by *State v. Just*, 184 Mont. 262, 602 P.2d 957 (1979) and *State v. Matt*, 249 Mont. 136, 814 P.2d 52 (1991). The State sought to introduce evidence from nine other instances of child molestation involving Bonck dating back to 1981. Bonck objected. The District Court applied the four-prong, modified *Just* test and determined that evidence relating to K.M. and L.C. was admissible because it was sufficiently similar to the acts alleged by C.B., was not too remote in time, was offered for the purpose of demonstrating a common scheme, intent, or motive, and the probative value of the evidence outweighed the risk of prejudice to Bonck. The Court rejected the State's request to introduce evidence from the other encounters.

4

¶9    Both L.C. and K.M. testified at trial.  After L.C. testified, Bonck realized that the District Court failed to read a limiting instruction prior to allowing the testimony.  The District Court immediately read the limiting instruction to the jury, and repeated the limiting instruction before K.M. testified.  Bonck moved for a mistrial based on the timing of the limiting instruction.  Bonck also objected to the evidence on the basis that the conduct described by the witness was not similar enough to the charged acts to be admissible under the modified *Just* test set forth in *Matt*.  The District Court denied Bonck's request for a mistrial and overruled Bonck's objection to the testimony because *Just* and *Matt* had been recently overruled by *State v. Eighteenth Jud. Dist. Ct.*, 2010 MT 263, ¶ 56, 358 Mont. 325, 246 P.3d 415.

¶10    Bonck argues that the District Court's failure to hold a pretrial hearing concerning the admission of the Rule 404(b) testimony violated his right to confront the witnesses against him.  In *Eighteenth Jud. Dist. Ct.*, we noted that a district court "should conduct a hearing and issue a written decision with appropriate findings of fact and conclusions of law." *Eighteenth Jud. Dist. Ct.*, ¶ 49.  However, the District Court ruled on this matter before *Eighteenth Jud. Dist. Ct.* was decided.  Moreover, Bonck never requested a hearing, did not object on the ground that no hearing was held, and failed to request reconsideration following this Court's decision in *Eighteenth Jud. Dist. Ct.*  Finally, Bonck failed to demonstrate that the proffered evidence was not relevant for the purpose of showing a plan or common scheme, motive or intent.  Therefore, the District Court did not abuse its discretion in admitting the testimony and evidence pursuant to Rule 404(b).

¶11 Next, Bonck argues that the District Court's failure to provide the limiting instruction before L.C. testified constitutes reversible error. Bonck did not request that the District Court provide the limiting instruction before L.C. testified, and Bonck failed to demonstrate prejudice in light of the District Court's issuance of the limiting instruction directly following the testimony. *See State v. Stroud*, 210 Mont. 58, 72-73, 683 P.2d 459, 466-67 (1984).

¶12 Third, Bonck contends that the District Court erred by concluding that Bonck's speedy trial rights were not violated. On January 21, 2011, the District Court held a hearing on Bonck's motion to dismiss for violation of his speedy trial rights. The District Court analyzed Bonck's speedy trial claim by examining and balancing the following four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's responses to the delay; and (4) prejudice to the accused as a result of the delay. *State v. Couture*, 2010 MT 201, ¶ 46, 357 Mont. 398, 240 P.3d 987; *State v. Ariegwe*, 2007 MT 204, ¶¶ 106-112, 338 Mont. 442, 167 P.3d 815. The District Court orally denied Bonck's motion to dismiss after determining that even if it was to accept that 347 days of delay were attributable to the State, Bonck failed to provide any evidence that he was prejudiced by the delay, especially in light of Bonck's multiple motions to continue, and his waiver of speedy trial rights throughout the proceeding.

¶13 Though the 200-day trigger for a speedy trial analysis was clearly met and the presumption of prejudice increases with time, when the reasons for the delay are considered and balanced against the remaining factors, we agree with the District Court's denial of Bonck's motion to dismiss. Bonck asserted that he suffered anxiety and

6

depression due to the delay, but the State points out that Bonck's symptoms were more likely due to other factors in his life. Furthermore, Bonck failed to cogently demonstrate that the delays caused any prejudice to his defense. As such, we affirm the District Court's denial of Bonck's motion to dismiss for violation of his speedy trial rights.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. With respect to the issues in this case involving judicial discretion, the District Court clearly did not abuse its discretion. The District Court's factual findings are supported by substantial evidence and the legal issues in this case are controlled by settled Montana law, which the District Court correctly interpreted.


/S/ PATRICIA COTTER


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE